' JESSIE SMITH v. JOHN O. SMITH.

73    445
a121    536
a121    537

*Libel and slander—Privilege—Publication of notice of desertion by wife.*

1. A notice by a husband that his wife has deserted him in his sickness contains libelous matter *per se.*

2. A qualified privilege exists in cases where some communication is necessary and proper in the protection of a person's interest, but this privilege may be lost if the extent of its publication be excessive.

3. It is only when a husband has permitted his wife to trade upon his credit that notice to tradesmen is necessary to protect his interests, and in such a case a notice to the public not to give her credit upon his account is justifiable, and to that extent privileged; but the insertion in the notice of words defamatory of the wife are not justifiable, and are evidence of malice.

4. The following rule applies to communications or publications which are upon proper occasions qualifiedly privileged, namely: that if the matter charged as libelous is *false,* and the publication *malicious,* it is not privileged.

5. We are not prepared to decide that a married woman in this State may not maintain an action for libel against her husband.

6. Where a father-in-law caused to be published a false and defamatory notice concerning his daughter-in-law, and paid for such publication, it is no defense in an action by her for libel that the husband indicted and signed the libel, and directed the defendant to publish it.

Error to Eaton. (Hooker, J.)    Argued January 9, 1889. Decided January 25, 1889.

Case for libel.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*John M. Corbin* (*Thomas A. Wilson,* of counsel), for appellant.

*H. S. Maynard* (*Philip T. Van Zile,* of counsel), for plaintiff.

CHAMPLIN, J.    This is an action for libel, alleging that defendant composed and published, or caused to be composed and published, in a certain newspaper, a notice signed by Henry O. Smith, as follows:

"NOTICE.

"My wife, Mrs. Henry O. Smith, deserted me in my sickness, and has informed me I could get another woman, for she had quit.    I forbid all persons from harboring or trusting her on my account.

"HENRY O. SMITH."
"*Eaton Rapids, Dec.* 27, 1883."

The declaration contains two counts,—one alleging that the defendant composed and published, and the other that he caused to be composed and published, the libel set out.    The plea was the general issue.

The first question raised is whether this notice contains libelous matter *per se.*    We think it does.    It charges her with deserting her husband in his sickness.    If this charge be true, Mrs. Smith was guilty of the basest ingratitude, and of conduct deserving the contempt of all right-minded people.    The words which follow show that the charge made was intended to be understood in a sense derogatory to the plaintiff.

The next question to be considered is, was the publication of the notice privileged?    A qualified privilege exists in cases where some communication is necessary and proper in the protection of a person's interest, but this privilege may be lost if the extent of its publication be excessive.    The rule is thus stated in Odger, Sland. & Lib. 225:

"So with an advertisement inserted in a newspaper defamatory of the plaintiff, if such advertisement be necessary to protect the defendant's interest, or if adver-

tising was the only way of effecting the defendant's object, and such object is a lawful one, then the circumstances excuse the extensive publication. But if it was not necessary to advertise at all, or if the defendant's object could have been equally well effected by an advertisement which did not contain the words defamatory of the plaintiff, then the extent given to the announcement is evidence of malice to go to the jury."

If a wife leave her husband's home without cause or provocation, and he is willing to suitably supply her with necessaries, or with money to purchase them, he cannot be held liable, on the basis of a presumption of authority, or of an implied agency, for goods purchased by her on his credit. Notice to the public would not be necessary in such a case. It is only when he has permitted her to trade upon his credit that notice to tradesmen is necessary to protect the husband's interests. In such case a notice to the public not to give her credit upon his account would be justifiable, and would be to that extent privileged. But he would not be justified in inserting in such notice words which were defamatory of the wife; and, if he does so, such defamatory words are evidence of malice. There is another rule which applies to communications or publications which are upon proper occasions qualifiedly privileged; and that rule is that, if the matter charged as libelous be false, and the publication malicious, it is not privileged. In this case the facts were submitted to the jury, and they have found that defendant did not have reasonable and probable cause to believe that said notice signed by his son was substantially true, and that in what he did in relation to the publication of the notice he was actuated by malice towards the plaintiff. The court also instructed the jury that the burden of proof was upon the part of the plaintiff to prove by a preponderance of evidence that the defendant caused this notice to be published knowing it to be false. The jury

having returned a general verdict of guilty under this charge, as well as the special verdict above that he was actuated by malice, does away entirely with the defense of privilege.

It is also urged by counsel in behalf of the defendant that, as the testimony shows the notice was written by the husband of the plaintiff, and sent by him to be published in the paper, the plaintiff is not entitled to recover, for the reason that a married woman could not bring an action of slander or libel against her husband at the common law, and the statutes of this State that give a married woman the same right to sue and be sued in relation to her own property have not gone so far as to allow a married woman to sue her husband in an action of tort for libel; that in a suit brought against her husband she would not be allowed to testify; and that the defendant stands in privity with the husband, who is now deceased; that the husband's defense would be his defense. We are not prepared to decide that a married woman in this State may not maintain an action of libel against her husband. This, however, is not such a case, nor is it any excuse or defense for this defendant to show that his son, who was plaintiff's husband, indited the libel, and directed defendant to publish it. The testimony is uncontradicted that defendant caused it to be published, and paid for its publication. The special verdict, which was given in response to questions submitted to the jury, appears to have been supported by testimony introduced in the cause, and is consistent with the general verdict rendered, and we discover no error in the record which warrants us in setting it aside.

The judgment is affirmed.

The other Justices concurred.