### FABER *v.* FABER.

DIVORCE—SEPARATE MAINTENANCE.
> In a suit by a wife for separate maintenance, a decree granting her an absolute divorce is affirmed by an equally divided court.[1]

Appeal from Kent; Dunham (Major L.), J.    Sub-

[1]Appeal and Error, 4 C. J. § 3113; Divorce, 19 C. J. §§ 439, 482. On the question as to whether decree against plaintiff in suit for divorce is bar to subsequent divorce action, see note in 26 L. R. A. (N. S.) 577.

mitted February 2, 1925.    (Docket No. 137.)    Decided May 14, 1925.

Bill by Teeney Faber against Fred Faber for separate maintenance. From a decree of divorce, defendant appeals. Affirmed by an equally divided court.

*S. Wesselius,* for plaintiff.

*Bartel J. Jonkman,* for defendant.

MOORE, J. May 3, 1923, plaintiff filed a bill of complaint charging defendant with extreme cruelty. The defendant answered. Some witnesses were sworn and the bill of complaint was dismissed September 22, 1923. On June 13, 1924, plaintiff filed the bill of complaint in the instant case, charging cruelty and failure to support, and asking for a separate maintenance. The defendant filed an answer in which he said:

"Defendant denies that he is coarse and animal like; denies that plaintiff's revulsion is due to any severe or brutal disposition on his part or that he has rendered the marriage relation unsustainable. Defendant denies all the other allegations in said paragraph, except that he admits that he accused her of infidelity and claims that plaintiff began divorce proceedings in this court about a year ago and defendant insisted on his allegations and plaintiff was denied relief and defendant hereby makes reference to said case in the pleadings therein and the evidence given therein and begs leave to produce transcript thereof and make reference thereto. * * *

"Answering paragraph six, defendant admits the allegations therein but denies that plaintiff is entitled to the relief sought or to any relief whatsoever and alleges in the year 1922 plaintiff brought a suit for divorce in this court and was denied any relief whatsoever and alleges that defendant is willing to resume the marital relations at any time; that there is no reason for their estrangement except another man that

has come into their lives who stands between defendant and the plaintiff."

This is the only reference made in the answer to the prior litigation. Upon the trial the plaintiff testified without objection to the effect that upon the first hearing she was unable to produce her witnesses, and that they were not produced. A colloquy between counsel and the trial judge indicated that the judge was of the opinion that he could not go back of the decree in the former case, but nevertheless counsel for plaintiff was permitted to put in her testimony and produced several witnesses not produced on the first hearing.

Fred Faber was called as an adverse witness, and testified in part as follows:

"My wife and I have been separated for a year and a half. I have not paid her any money since we were in court last year; then I was paying $7 a week. I have not paid anything on the house and lot since that time. I sent her $5 in January, 1924. I know she was washing for a living. That is the only money I offered her. In the meantime I have had the use of the house and furniture. I paid the taxes and interest on the house and contract. There is $1,085 due on the contract. My wife worked and kept boarders. Since the boarders left she kept her earnings separate. My wife may have bought $600 worth of furniture. I don't know the value. It was bought with the money that she saved. I earn $25 a week. Have $50 in my pocket. I sent $515 to the old country about four months ago. * * * When I sent my wife $5 it was done by letter. I do not know what date I wrote it. About Christmas time I gave her $20." * * *

The wife denied he had ever given her $20. She testified that defendant insisted upon having sexual intercourse with her when she had a falling womb and was sick. We quote some of her testimony:

"I left him then because he wasn't good to me. I

couldn't live with him.    He treated me in a mean way.    I could not rest at night.

"Q. Well, what do you mean by that?    Tell the court about it.

"A. Well, I mean he was always hanging around me and he wanted to use me so much, and so long I could not stand it any longer.    He always hang around me and do things to me that was nasty and mean and it made me pretty near crazy.    I had to leave him, I could not stand it any longer.

"Q. Just tell the court about it?

"A. He not want to kiss me on the face, he want to kiss me on the lower body.

"Q. Want to kiss you in the private parts?

"A. Yes."

The defendant denies her testimony.    It was the claim of plaintiff that defendant accused her of unchastity when there was no occasion for it.    By consent of counsel the record and files in the first case were offered in evidence.

The court filed quite a long opinion in which the following occurs:

"There is no question but what these parties can never live together.    They have no children.    The breach between them has been widened by the fact that since September 22, 1923, defendant has not supported or offered to support plaintiff and has permitted her to work out by the day taking in washings and doing other work to support herself without any protest or any offer of assistance on his part, while he himself was occupying the home, paying no rent and having none to pay, while plaintiff has lived in rented rooms and cared for herself, and that notwithstanding defendant's lack of contributing to plaintiff's support that he has not kept up the monthly payments on said land contract to her father.    *    *    *

"There is nothing in the testimony on the part of defendant and his witnesses to cause a most suspicious husband to believe that plaintiff was guilty of infidelity or to cause any suspicion in that direction.    *    *    * There is not a single word of testimony in the case showing any misconduct on the part of plaintiff and

this young man, and to conclude, as defendant did, was extreme cruelty but so far as that charge was concerned, made by defendant prior to September 22, 1923, it probably is not available to plaintiff now as a cause for divorce but defendant's treatment of plaintiff subsequent to September 22, 1923, and the statement in his answer to the present petition, are sufficient evidence of nonsupport and cruelty in my judgment and under all of the facts and circumstances of this case of awarding to plaintiff an absolute bill of divorce upon the grounds of nonsupport and extreme cruelty and she will be given a decree of divorce upon those grounds."

A decree was made accordingly. The case is brought into this court by appeal, counsel claiming, we quote from the brief:

"Defendant filed an answer denying the third charge and claiming the first two were *res adjudicata* by virtue of a previous decree in a divorce proceeding between the parties, rendered on September 22, 1923.

"On September 10, 1924, five days after Judge Dunham filed his opinion, the plaintiff filed an amended petition charging defendant with nonsupport, only from the date plaintiff left defendant, May 2, 1923, up to the time of hearing.

"This presented a very narrow issue of fact, and inasmuch as the trial judge in his colloquy with plaintiff's counsel said, 'It is very evident we are not going to try that other case,' the testimony in the present case offers a very meager source for a statement of facts embracing all the material issues involved. Inasmuch as the pleadings and proofs in the first case were admitted as exhibits we beg leave to base our statement of facts up to September 22, 1924, from them as follows:"

Counsel then proceeds to discuss the case upon the basis of the testimony taken at the first hearing. We again quote from the brief:

" 'It is well settled that a decree on the merits denying a petition for divorce is a bar to a subsequent petition for a decree for the same cause, and that a prior decree is *res adjudicata* as to the existence of

such cause though new evidence has been discovered in support of it.' 9 R. C. L. p. 375.

"After that decree defendant was not obliged to support his wife or to pay for necessaries purchased by her as long as she chose to remain away from his home. 13 R. C. L. p. 1204.

"No duty is imposed upon the husband to support his wife during a separation, in the absence of culpability on his part, as no general duty is imposed upon a husband to support his wife otherwise than at the common home (citing *Smith* v. *Smith*, 73 Mich. 445 [3 L. R. A. 52, 16 Am. St. Rep. 594]).

"*Randall* v. *Randall*, 37 Mich. 563. A husband's obligation to support his wife apart from him can only arise from his turning her out of doors or being guilty of such misconduct as would justify her in leaving him (cited in *Martilla* v. *Quincy Mining Co.*, 221 Mich. 532 [30 A. L. R. 1249])."

In this connection it should be remembered that the claim of the plaintiff is that there was no hearing upon the merits, and that the husband was culpable and created a condition that made it impossible for the plaintiff to live with him.

The counsel for the appellee insists that upon this record the defense of *res adjudicata* is not open to defendant as it was not pleaded in bar, citing Searl's Michigan Court Rules (2d Ed.), p. 177; and *Vyse* v. *Richards*, 208 Mich. 383, and the cases there cited. It is also insisted that when the plea in bar is interposed it should aver that the former decree was upon the merits (*Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368). It has already appeared that, if the answer was to be treated as a plea in bar, it does not aver that the former decree was upon the merits of the case.

The instant case is an anomalous one. This opinion should not be treated as a precedent. It is based upon the record as presented in the court below, and in this court. We shall content ourselves by saying that taking the entire case as presented to us, we do not

think we should disturb the decree which was entered. See *Sullivan* v. *Sullivan,* 112 Mich. 674; *McCue* v. *McCue,* 191 Mich. 1.

The decree of the court below is affirmed, with costs to the appellee.

MCDONALD, C. J., and BIRD and STEERE, JJ., concurred with MOORE, J.

WIEST, J. (*dissenting*).    Plaintiff's bill should have been dismissed.    The decree entered by Judge Brown, upon proofs, is *res adjudicata.*    No new cause for divorce existed.    The fact that plaintiff now claims she did not have all her witnesses at the first hearing does not avoid the bar of former adjudication.    Cases may not be heard piece-meal.    Plaintiff's relief now, if granted, is in effect on the ground that she would have had a decree in the first hearing if she had offered more testimony.    We ought not to say that a solemn holding of this court must not be followed in future cases.    The former decree against plaintiff was upon the merits, pleaded by defendant in his answer in this case, and the evidence in support thereof should have arrested relief to plaintiff.

Decree should be reversed and bill dismissed, without costs.

CLARK, SHARPE, and FELLOWS, JJ., concurred with WIEST, J.