584 P.2d 97 (1978)
Ronald P. ROBERTS, Plaintiff-Appellant,
v.
Duane BUCHER and May D & F Company of Colorado, a Colorado Corporation in good standing, Defendants-Appellees.
No. 77-505.
Colorado Court of Appeals, Div. II.
June 15, 1978.
Rehearing Denied June 29, 1978.
Certiorari Granted September 11, 1978.
*98 Jerome S. Malman, Denver, for plaintiff-appellant.
Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for defendants-appellees.
BERMAN, Judge.
Plaintiff, Ronald P. Roberts, brought this action against defendant, Duane Bucher, and May D & F, for civil assault and slander. The suit stemmed from an incident occurring on July 23, 1975, when plaintiff was a buyer of young men's clothing for May D & F and defendant Bucher was his supervisor there.
On that date, plaintiff entered Bucher's office, accompanied by two executive sales representatives of Levi-Strauss & Company, to tender a proposal for an order of gabardine slacks. Angered at plaintiff's dealing with several suppliers of such clothing, Bucher screamed:
"You did not need two fucking gabardine resources. You are presently jacking yourself off with Metro slacks, and another fucking resource, Buccaneer slacks, called today."
Plaintiff immediately left the room, and shortly thereafter, Bucher hurled a notebook containing the sales presentation out of the office door. Plaintiff was subsequently separated from the employ of May D & F.
At the conclusion of plaintiff's case, defendants moved for a directed verdict. The trial court granted the motion as to May D & F only. At the same time, the court determined that the remarks were not slanderous per se, but at most, constituted slander per quod.
*99 At the conclusion of Bucher's defense, the court denied his motion to dismiss, and submitted the case to the jury. The jury found for Bucher on the civil assault claim, but found for plaintiff on the slander claim and awarded plaintiff $5,000 compensatory and $500 punitive damages.
In response to Bucher's motion for judgment notwithstanding the verdict, however, the trial court determined that, as a matter of law, Bucher's remarks were not defamatory and that a prima facie case of special damages suffered as a proximate result of those remarks had not, in any event, been established. Accordingly, the court entered judgment for Bucher.
Plaintiff appeals only the judgment entered on Bucher's motion for judgment notwithstanding the verdict. We reverse and reinstate the verdict.

I.
A motion for judgment notwithstanding a verdict, C.R.C.P. 50(b), as a motion for directed verdict, is based solely on whether there is sufficient evidence to make an issue for the jury. And, unlike a motion for a new trial, in which the court has discretion to set aside a verdict as against the preponderance of evidence, the weight of the evidence and the credibility of witnesses are not factors the court may consider in ruling on such a motion. Rather, the evidence must be viewed in the light most favorable to the prevailing party, including the benefit of all legitimate inferences, and the motion must be denied unless no reasonable jury could have arrived at the result that the jury in fact reached. Gossard v. Watson, 122 Colo. 271, 221 P.2d 353 (1950). See generally 5A, J. Moore, Federal Practice 50.07[2] (2d ed. 1977).
Plaintiff does not challenge here the court's ruling that the remarks were not slanderous per se. Our initial inquiry, then, is limited to whether reasonable jurors, considering the circumstances and context in which the remarks were uttered, could find that Bucher's remarks would "tend to harm [plaintiff's] reputation and thereby lower him in the opinion of others or discourage others from associating or dealing with him." Colo.J.I. 22:6; see e. g., Knapp v. Post Printing & Publishing Co., 111 Colo. 492, 144 P.2d 981 (1943).
Defendant emphasizes that the only witness to the July 23 incident who testified, one of the Levi-Strauss sales executives, stated that he did not view the remarks as disparaging plaintiff's abilities, but rather he thought "all Mr. Bucher was doing was making his point." Nonetheless, if remarks are reasonably capable of bearing a meaning defamatory "in the eyes of the community generally, the fact that the particular recipient does not regard it as discreditable is not controlling." Restatement (Second) of Torts § 559 Comment e (1977).
We conclude that, in context, the challenged remarks could reasonably be viewed as exposing plaintiff to ridicule and impugning his professional competence. Thus, the trial court erred in setting aside the jury's verdict on the basis that the remarks could not, as a matter of law, be deemed defamatory.

II.
We also agree with plaintiff that there was sufficient evidence at trial that reasonable jurors could find plaintiff sustained special damages as a proximate result of Bucher's remarks.
Defamatory remarks are a proximate cause of special harm suffered by the person defamed if the remarks were a substantial factor in bringing about the harm. Restatement, supra, § 622A. See also Hook v. Lakeside Park, 142 Colo. 277, 351 P.2d 261 (1960). And, special harm "may be brought about as the result of general rumor and its repercussive effects upon the [person defamed's] reputation," Restatement, supra, § 576 Comment e, when circumstances were such that repetition of a publication by others might reasonably have been anticipated. Restatement, supra, § 576 and Comment d; W. Prosser, Torts § 112 at 762 (4th ed. 1971); see Colo.J.I. 22:14.
Here, plaintiff sought to show that he left the employ of May D & F because of *100 Bucher's remarks, and that word of the circumstances of his departure and the resultant injury to his reputation deterred his obtaining suitable employment for a significant period of time. In particular, evidence was introduced at trial that plaintiff was terminated from his position at May D & F because of its decision to retain Bucher, and that only after a 17-month search, did plaintiff secure employment, at a cut in pay, with Gibson's Department Store in Evergreen. In addition, there was evidence that plaintiff's loss of income from the separation exceeded $16,000.
Finally, there was testimony suggesting that knowledge of Bucher's remarks had circulated throughout the Denver retail clothing community, and even beyond. Plaintiff's assistant buyer at the time of the incident, for example, testified that, although she heard of the matter initially from the plaintiff, it was a topic of "the grapevine" within May D & F. Moreover, the testifying Levi-Strauss sales executive related that he knew buyers in the Denver retail industry and department stores such as Fashion Bar and K&G Retail were specifically discussing the incident involving Bucher's remarks for several weeks. Although he suggested at one point that such discussions were prompted by affidavits sent to the buyers by plaintiff's attorney, he subsequently conceded he had no knowledge of persons at those stores receiving such affidavits, and instead pointed to the fact that, "People do talk" as responsible for the remarks' dissemination. Finally, plaintiff testified that he had received four of five calls from retail company and manufacturer's representatives in New York concerning Bucher's remarks.
We cannot say that the repetition of Bucher's remarks here was not reasonably to be expected, particularly in view of "the known tendency of human beings to repeat discreditable statements about their neighbors."Restatement, supra, § 576 Comment d; see Grist v. Upjohn Co., 16 Mich.App. 452, 168 N.W.2d 389 (1969). We conclude that reasonable men could legitimately infer that Bucher's remarks were in fact a substantial factor in plaintiff's separation from May D & F, his difficulty in securing alternate employment, and his consequent loss of employment income. Accordingly, the trial court also erred in granting a judgment notwithstanding the verdict on the basis of insufficient evidence of a causal connection between the remarks and plaintiff's special harm.

III.
Defendant urges us, in any event, to invalidate the jury's award of punitive damages. Contrary to defendant's assertions, however, we conclude that the jury could determine beyond a reasonable doubt that Bucher's remarks uttered in the presence of the Levi-Strauss executives were made in reckless disregard of plaintiff's rights and feelings. Accordingly, the issue of punitive damages was properly submitted to the jury. Section 13-21-102 and 13-25-127(2), C.R.S. 1973.
Our disposition here renders unnecessary our addressing plaintiff's remaining assignment of error.
The judgment of the trial court notwithstanding the verdict is reversed with directions to enter judgment for plaintiff in accordance with the jury's verdict.
SILVERSTEIN, C. J., and RULAND, J., concur.