## No. C-1643

Duane Bucher and May D & F Company of Colorado, a Colorado corporation in good standing v. Ronald P. Roberts

(595 P.2d 239)

Decided May 29, 1979.

Zarlengo, Mott and Zarlengo, Albert E. Zarlengo, Jr., for petitioners.

Jerome S. Malman, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Roberts v. Bucher,* 41 Colo. App. 138, 584 P.2d 97 (1978). The court of appeals reversed a district court's judgment notwithstanding the jury verdict in favor of plaintiff Ronald P. Roberts, who had sued defendant

Duane Bucher for defamation. The district court held that the remarks made by the defendant were not defamatory as a matter of law. We agree with the ruling of the district court and therefore reverse the court of appeals.

Plaintiff was employed as a buyer of young men's clothing for the May-D&F department store and the defendant was his supervisor. On the occasion in question, plaintiff had entered defendant's office accompanied by two executive sales representatives of Levi-Strauss & Company to tender a proposal for an order of gabardine slacks. Angered at plaintiff's dealings with several suppliers of such clothing, the defendant directed the following allegedly slanderous remarks toward the plaintiff:
"You did not need two fucking gabardine resources. You are presently jacking yourself off with Metro slacks, and another fucking resource, Buccaneer slacks, called today."

After trial, the jury returned a verdict in favor of the plaintiff and awarded him $5,000 compensatory damages and $500 punitive damages. Defendant then filed a motion for judgment notwithstanding the verdict. The court, on reconsideration of its prior ruling to the contrary, held as a matter of law that defendant's words were not defamatory and the court therefore entered judgment for the defendant notwithstanding the verdict of the jury.

In our view, whether the challenged statement is defamatory is controlled by *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), which stated, among other things, that:
"We begin with the common ground. Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact. . . ."
Thus, a crucial distinction exists between false statements of fact which receive no constitutional protection in defamation cases and ideas or opinions which by definition can never be false so as to constitute false statements which are unprotected. *See Old Dominion Branch No. 496, National Association of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Buckley v. Littell*, 539 F.2d 882 (2nd Cir. 1976); Schauer, *Language, Truth and the First Amendment: An Essay in Memory of Harry Canter*, 64 Va. L. Rev. 263 (1978); Hill, *Defamation and Privacy Under the First Amendment*, 76 Colum. L. Rev. 1205 (1976); *W. Prosser, Torts* § 111 (4th ed. 1971). Whether a particular statement constitutes fact or opinion is a question of law. *Old Dominion Branch, supra; Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 366 N.E.2d 1299, 397 N.Y.S.2d 943 (1977).

■ The *Restatement (Second) of Torts* § 566 (1976) was revised in accordance with the Gertz decision and now reads:
"A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis of the opinion." Comment c to this section states that in light of *Gertz* "A simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is."

■ The plaintiff contends that the defendant's statement is tantamount to a declaration that the plaintiff is incompetent as a buyer. However, the statement can also mean, if it means anything at all, that the defendant is of the opinion that the plaintiff should use only one gabardine resource. Once a court needs to speculate concerning the meaning the statement purports to convey, as must be done here, we enter the area of opinion as opposed to factual assertion.

This principle was recognized in *Buckley v. Littell,* 539 F.2d 882 (2d Cir. 1976), wherein the alleged defamatory statements were that the plaintiff was a "fellow traveler" of "fascists" and the "radical right." The court held that those labels "cannot be regarded as having been proved to be statements of fact, among other reasons, because of the tremendous imprecision of the meaning and usage of these terms . . ." and because they ". . . are concepts whose content is so debatable, loose and varying, that they are insusceptible to proof of truth or falsity. The use of these terms in the present context is in short within the realm of protected opinion and idea under *Gertz*."

■ An erroneous opinion is constitutionally protected and may not be the subject of a private defamation action provided that the truthful facts supporting the opinion are set forth. *See Rinaldi, supra.* Here, we note that the disclosed fact supporting the allegedly defamatory statement is that the plaintiff was using more than one supply source. This was not a false statement of fact. The remarks did not imply, nor has the plaintiff alluded to, the allegation of any undisclosed defamatory facts. Indeed, the record discloses no evidence that a buyer's competency depends on limiting his suppliers to only one source. Rather, it may be that common sense dictates that the pull and tug of the open market place could be better utilized by having more than one supplier. It, therefore, was for the hearer, based on the disclosed truthful facts, to weigh the defendant's statement which supposedly questioned the plaintiff's professional competency.

■ Finally, we emphasize that the mere use of foul, abusive or vituperative language, such as that used by the defendant, does not constitute a defamation. *Cinquanta v. Burdett,* 154 Colo. 37, 388 P.2d 779 (1963). Mr. Justice Clark stated in *Linn v. Plant Guard Workers Local 114,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966): "[T]he most repulsive

speech enjoys immunity provided it falls short of a deliberate or reckless untruth." The rationale of the rule is explained in Comment e of *Restatement (Second) of Torts* § 566 (1976), as follows:

"*Verbal abuse*. There are some statements that are in form statements of opinion, or even of fact, which cannot reasonably be understood to be meant literally or seriously and are obviously mere vituperation and abuse. A certain amount of vulgar name-calling is frequently resorted to by angry people without any real intent to make a defamatory assertion, and it is properly understood by reasonable listeners to amount to nothing more. This is true particularly when it is obvious that the speaker has lost his temper and is merely giving vent to insult. . . ."

The abusive statement here could not have reasonably been understood to be taken literally or seriously and amounted to no more than rhetorical hyperbole uttered in an outburst of anger.

In our view, the challenged statement neither contains nor implies false, defamatory facts. It disclosed the underlying basis for the opinion, and therefore, as a matter of law, is not actionable. Because of our disposition, we need not decide whether or not the plaintiff proved special damages.

The judgment of the court of appeals is reversed and the cause is remanded to the court of appeals with directions to reinstate the judgment of the district court in favor of the defendant.

MR. JUSTICE ROVIRA does not participate.