Yvonne C. BURNS, Individually and a parent and natural guardian of Kevin Burns and Renee Burns; Steven Burns, an Individual, and Bryan Burns, an Individual, Plaintiffs-Appellants,

v.

The DENVER POST, INC., a Colorado Corporation, Defendant-Appellee.

No. 79CA0400.

Colorado Court of Appeals,
Division II.

Nov. 1, 1979.

Rehearing Denied Nov. 23, 1979.

Certiorari Denied Feb. 25, 1980.

David L. Kofoed, P. C., Roger T. Castle, Denver, for plaintiffs-appellants.

Yegge, Hall & Evans, Thomas B. Kelley, Denver, for defendant-appellee.

STERNBERG, Judge.

Plaintiff, Yvonne Burns, ex-wife of a former Denver police sergeant who sustained serious injuries when a bomb exploded in 1972, appeals the dismissal on summary judgment of her libel action against the Denver Post. We affirm.

The plaintiff and Sergeant Burns had marital difficulties prior to the accident, and on two occasions Mrs. Burns had filed divorce actions, the most recent of which was a few months prior to Sergeant Burns' being injured. Sergeant Burns' injuries included partial blindness, loss of a hand, and severely diminished hearing. Mrs. Burns did obtain a divorce in 1974.

The Post article, published on July 7, 1976, after recounting the injuries, quotes Sergeant Burns as follows:

> " 'I'm not bitter about the accident, but the thing that tore me up was my wife divorcing me. She just couldn't live with a blind man.' "

The article continued:

> "Burns said he's 'learned to tell the good and worthwhile people from people who just give you lip service.' "

Mrs. Burns received obscene phone calls and severe criticism, allegedly as a result of this article and therefore sued the Post. After reviewing pleadings, depositions, and other similar matter, the trial court granted the Post's motion for summary judgment.

In *Bucher v. Roberts*, Colo., 595 P.2d 239 (1979), our Supreme Court quoted the following from the seminal defamation case of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974):

> " 'We begin with the common ground. Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact.' "

In *Bucher* it was pointed out that *Restatement (Second) of Torts* § 566 (1976), was revised to accord with *Gertz* as follows:

"A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis of the opinion."

In Comment c to that section, it is stated: "A simple expression of opinion based on disclosed or assumed non-defamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is."

The article in question, in our view, constitutes a statement of opinion, *see Restatement (Second) of Torts* § 566, Comment b, and, there is no way Burns' opinion as to his ex-wife's motivation in divorcing him can be proved true or false. *See Hotchner v. Castillo-Puche*, 551 F.2d 910 (2d Cir. 1977), *cert. denied*, 434 U.S. 834, 98 S.Ct. 120, 54 L.Ed.2d 95. The issue then devolves to a determination of whether, as a matter of law, the opinion is based on disclosed or assumed defamatory facts. *Restatement (Second) of Torts* § 566, Comment c. Under this section, in the absence of such undisclosed facts, a defamation action may not be predicated upon the article.

In examining the article in question, we can detect no undisclosed defamatory facts. The article republishes Burns' opinion of Mrs. Burns' motivation in divorcing him. While Burns' understanding of his ex-wife's motivations may not have been accurate, the divorce did take place after the accident. In any event, matters relating to one person's view of why another acted as he did are by their very nature speculative, and as stated in *Bucher, supra* :

"Once a court needs to speculate concerning the meaning the statement purports to convey . . . we enter the area of opinion as opposed to factual assertion."

Consequently, we conclude that the trial court was correct in making the initial determination that, as a matter of law, the words can not be defamatory. *Restatement (Second) of Torts* § 566, Comment c.

The summary judgment against the plaintiffs was proper, and therefore, we affirm the judgment.

PIERCE, J., concurs.

RULAND, J., dissents.

RULAND, Judge, dissenting.

I respectfully dissent.

In my view, no speculation is required to determine the meaning of the quoted material. *See Bucher v. Roberts*, Colo., 595 P.2d 239 (1979). Taken in proper context, Sergeant Burns' remarks are not limited to a mere opinion as to *why* Ms. Burns divorced her husband. These remarks also clearly describe *what* she did, namely, Ms. Burns deserted the sergeant in a time of great need solely because of his injuries—an act of "the basest ingratitude . . . deserving the contempt of all right minded people." *Smith v. Smith*, 73 Mich. 445, 41 N.W. 499 (1889). Hence, I view the quoted material as defamatory. *Bucher v. Roberts, supra; see also, Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976). Therefore, I would reverse the summary judgment and remand the case for further proceedings.