William Clark WESLEY,
Plaintiff-Appellant and
Cross-Appellee,

v.

UNITED SERVICES AUTOMOBILE AS-
SOCIATION, Defendant-Appellant
Cross-Appellee,

v.

PIKES PEAK FAMILY COUNSELING
AND MENTAL HEALTH CENTER,
INC., Defendant-Appellee and Cross-
Appellant.

No. 81CA0991.

Colorado Court of Appeals,
Div. II.

July 19, 1984.

As Modified on Denial of Rehearing
Sept. 20, 1984.

Certiorari Granted Jan. 21, 1985.

Tom W. Armour, Colorado Springs, for plaintiff-appellant and cross-appellee.

Bennett, Heinicke & Holloway, John F. Bennett, Colorado Springs, for defendant-appellant and cross-appellee.

Kane, Donley & Wills, Hayden W. Kane, Earl William Shaffer, Colorado Springs, for defendant-appellee and cross-appellant.

METZGER, Judge.

Plaintiff, William Wesley, appeals the trial court's entry of judgment for defendant Pikes Peak Family Counseling and Mental Health Center, Inc. (the Center) notwithstanding a jury's verdict in Wesley's favor. We reverse and remand for further proceedings.

In April 1978 Wesley was placed on probation following a conviction for driving while ability impaired. In late May, at his brother's request, he was placed at the Center for a mental health evaluation concerning his continued abuse of alcohol. The Center's psychiatrist determined that he was not a danger to himself or others and discharged him.

Two days later, Wesley was charged with driving under the influence after crashing his automobile into seven other automobiles and a building. While at liberty pursuant to a personal recognizance bond, Wesley was charged with driving under the influence for a separate incident on June 7, 1978. These charges also formed the basis for a petition to revoke Wesley's probation.

Wesley was again placed at the Center for evaluation on June 19, 1978, this time by the court which had granted him probation in April. At a hearing on June 26, the court adopted the Center's recommendation that Wesley undergo treatment for 30 days in its residential alcohol treatment program. Wesley received a personal recognizance bond on condition he remain at the Center for 30 days and continue taking antabuse. The court further requested and directed the director of the Center's alcohol receiving program, who was present, to ensure the presence of a representative of the Center at Wesley's next hearing scheduled for July 26, 1978, and to provide a progress report and recommendations.

On July 21, 1978, Wesley was released from the Center. No notice of this action was given to the court or to its probation department.

On July 23, 1978, while extremely intoxicated, Wesley walked into a heavily traveled, divided main thoroughfare which was poorly lit with no crosswalk or intersection. He was struck by an automobile, sustained serious injuries, was hospitalized for five months, and suffered permanent damage to his legs and to his vision.

Wesley sued the Center and Brigett Walters, the driver of the vehicle which struck him, for negligence. He joined United States Automobile Association (USAA), Walters' insurer, as a defendant, asserting that it failed to make timely personal injury protection (PIP) payments under the Automobile Reparations Act. That claim was settled prior to trial, but USAA proceeded on its crossclaim against the Center to recover its PIP expenditures.

Also before trial, Wesley and defendant Walters entered into an agreement in which Wesley was paid $6,250 in exchange for a covenant not to execute on any judgment entered against Walters at trial.

The jury found the Center to be 55 percent negligent, Wesley 45 percent negligent, and driver Walters 0 percent negligent and determined Wesley's damages to be $175,000. The jury further found that $38,942.56 of Wesley's $175,000 award constituted PIP benefits paid by USAA. The trial court entered judgment in favor of Wesley and against the Center for $83,898.71 which included 55 percent of the $175,000 damage award, interest, and costs

less deductions discussed below. That amount excluded the $6,250 paid by driver Walters for the covenant not to execute, since the court, in applying the Uniform Contribution Against Tortfeasors Act, determined that the Center was allowed a set-off. Since Wesley and USAA had stipulated that only 55 percent of the PIP benefits expended should be paid to USAA, the trial court entered judgment in favor of USAA and against the Center for $21,-418.41, rejecting USAA's request for prejudgment interest.

The Center's motion for new trial was denied, and no appeal was taken. However, the court granted the Center's motion for judgment notwithstanding the verdict, concluding that Wesley's early release by the Center "could not possibly in the Court's opinion be a proximate cause of his injuries." Wesley and USAA appeal that determination, requesting reinstatement of the jury's verdict and correction of the judgment amount granted Wesley.

## I.

Wesley and USAA contend that the trial court erred in concluding that Wesley failed to prove causation. We agree.

■ The standard to be applied in ruling on a C.R.C.P. 50(b) motion for judgment notwithstanding the verdict is whether reasonable persons could not have reached the same conclusion as did the jury. *Thorpe v. Durango School District No. 9–R,* 41 Colo.App. 473, 591 P.2d 1329 (1978), aff'd 200 Colo. 268, 614 P.2d 880 (1980). In applying this standard, the trial court may not consider the weight of the evidence nor the credibility of witnesses. *Roberts v. Bucher,* 41 Colo.App. 138, 584 P.2d 97 (1978), rev'd on other grounds 198 Colo. 1, 595 P.2d 239 (1979). It must consider the evidence in the light most favorable to the verdict. *Ekberg v. Greene,* 196 Colo. 494, 588 P.2d 375 (1978). Thus, a judgment notwithstanding the verdict is justified only if the evidence is so overwhelmingly in favor of the movant as to admit of no other reasonable conclusion.

*Derr v. Safeway Stores, Inc.,* 404 F.2d 634 (10th Cir.1968).

Here, the jury was given instructions which accurately stated the law. Among these was the instruction that: "One who assumes the care of an ill person or one in need of alcohol treatment is under a duty to act as a reasonably careful person would under the same or similar circumstances." As well, an instruction identical to *Colo.J.I.* 9:30 (2d ed. 1980) was given:

"The negligence, if any, of the defendant, is not a cause of any injuries to the plaintiff, unless injury to a person in the plaintiff's situation was a reasonably foreseeable consequence of that negligence. The exact or precise injury need not have been foreseeable, but it is sufficient if a reasonably careful person, under the same or similar circumstances, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct."

■ Here, the evidence, while conflicting, is sufficient to support the jury's verdict. There was expert testimony that reasonable alcohol care and treatment included careful charting and monitoring of court orders and of a patient's progress; here, the Center did neither. Although the Center's own policies required notification to the court or its probation department if a patient at the Center were released early, no notice was given. Several Center employees testified that they were not surprised that Wesley was in an accident involving alcohol abuse, all being aware of his lengthy record of drug and alcohol abuse, the history of suicides in his family, his physical disabilities, and his lack of significant progress at the Center.

Implicit in the jury's verdict was the finding that the Center's early release of Wesley was a cause of the accident at issue. Since there is evidentiary support for that finding, the trial court's entry of judgment notwithstanding the verdict improperly invaded the jury's province as the finder of fact and must be reversed. *See DeMott v. Smith,* 29 Colo.App. 531, 486 P.2d 451 (1971).

## II.

Wesley asserts that the trial court erred in crediting the Center with the $6,250 paid prior to trial by driver Walters in exchange for Wesley's covenant not to execute and enforce judgment. He contends that, since the jury found that Walters was not negligent, the contribution provision of the Uniform Contribution Among Tortfeasors Act, 13–50.5–101 to 13–50.5–106, C.R.S. (1983 Cum.Supp.), does not apply. We agree.

The Uniform Contribution Among Tortfeasors Act was designed to remedy the harsh common law rule disallowing contribution among joint tortfeasors. It permits the equitable shifting of losses among those tortfeasors who caused the damages. *W. Prosser, Torts* § 50 (4th ed. 1971); *see Cingoranelli v. St. Paul Fire & Marine Insurance Co.,* 658 P.2d 863 (Colo.1983). The Act contemplates contribution among those tortfeasors who, by way of settlement, covenant, or judgment, have incurred liability to an injured plaintiff.

The statute requires that a person become "liable in tort" before the right to contribution arises. Section 13–50.5–102(1), C.R.S. (1983 Cum.Supp.). While "liable in tort" may refer to a person's exposure to a civil action and not to the existence of a final judgment in tort, nonetheless, "the right to collect contribution, of course, depends on a binding and final determination of fault among joint tortfeasors." *National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056 (Colo.1983); *see Miller v. Jarrell,* 684 P.2d 954 (Colo.App.1984).

In this case, driver Walters chose to defend against liability at trial, notwithstanding the existence of the covenant not to execute. Had she been found liable at trial, reduction of the verdict against the Center would have been appropriate. Section 13–50.5–105(1)(a), C.R.S. (1983 Cum. Supp.).

However, the jury's verdict specifically found that she was not negligent. Thus, by definition, she was not at fault. Consequently, she could not be considered a "tortfeasor" as contemplated by the Uniform Contribution Among Tortfeasors Act. That being the case, the trial court's order granting the Center credit for the $6,250 must be set aside.

## III.

USAA contends that the trial court erred in denying prejudgment interest on its crossclaim for reimbursement of personal injury protection claims paid for Wesley's benefit. However, the record does not disclose the dates payments were made. Thus, there was no evidence supporting USAA's argument. Accordingly, the trial court's order was correct.

The judgment of the trial court is affirmed as to the disallowance of prejudgment interest for USAA and is reversed as to the judgment notwithstanding the verdict and as to the $6,250 credit, and the cause is remanded with instructions to enter judgment consistent with the views expressed in this opinion.

SMITH and BERMAN, JJ., concur.