**Stanley Louis SALL, a/k/a Stan Sall, Plaintiff–Appellant,**

v.

**Paul BARBER, Defendant–Appellee.**

**No. 87CA1909.**

Colorado Court of Appeals, Div. III.

April 27, 1989.

Rehearing Denied June 15, 1989.

Stephen J. Sletta, Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Rector & Johnson, Anthony A. Johnson and Linda M. Robinson, Colorado Springs, for defendant-appellee.

Opinion by Judge FISCHBACH.

In this libel action, plaintiff, Stanley Sall, appeals the summary judgment entered in favor of defendant, Paul Barber. We affirm.

Sall's libel claim is based on a letter to the editor written by Barber and published in the *Colorado Springs Sun*. Although he did not so specify in the letter itself, Barber testified in deposition that he wrote the letter in response to an earlier article in the *Sun*, which reported certain acts of ethnic harassment by Sall against a Mr. Rodriquez. Barber's letter first described his personal knowledge of Rodriquez as a "gentleman," and continued as follows: "The West has not room for bigots of [Sall's] ilk.... If he can't be a good neighbor, then he ought to take up residence in the Sage brush [sic] where he would have no neighbors—except the other coyotes and skunks." Sall—alleging that the references to him as a "bigot," "skunk," and "coy-

ote" were false and exposed him to public scorn, hatred, and ridicule—sued Barber for libel.

The trial court granted summary judgment on the ground that the letter was an expression of opinion protected by the First Amendment. This appeal followed.

## I.

Sall first contends that the letter was not an expression of opinion, but rather a false statement of fact, and was, therefore, constitutionally unprotected. We disagree.

While false statements of fact and opinions that reasonably imply undisclosed defamatory facts as their premise are actionable, pure opinion is not. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). *See Burns v. McGraw Hill Broadcasting, Inc.*, 659 P.2d 1351 (Colo.1983). Because pure opinion by its nature cannot be proven false and, therefore, cannot be defamatory, it is equally protected regardless of whether the addressee is public or private or whether the issue is of public or only private concern. *Ollman v. Evans*, 750 F.2d 970 (D.C.Cir.1984), *cert. denied*, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985); *see* B. Sanford, *Libel and Privacy* § 5.4.2.1 (fn. 44) (1987 Supp.).

The question of whether allegedly defamatory language is constitutionally protected opinion is a matter of law. *Bucher v. Roberts*, 198 Colo. 1, 595 P.2d 239 (1979). In considering the question, our supreme court has emphasized that "[i]t would not be possible to adopt a hard and fast rule which could govern every situation. Protecting the important competing interests of free speech and reputation requires a flexible approach anchored in the context of each cause of action." *Burns v. McGraw Hill, supra.*

With this principle in mind, our supreme court has applied a three-factor analysis: first, the court notes whether the statement is cautiously phrased in terms of apparency; second, it reviews the entire statement in context, not just the objectionable word or phrase; third, it considers all the circumstances surrounding the statement, including the medium through which it is disseminated and the audience to whom it is directed. *Burns v. McGraw Hill, supra.*

Here, we agree with the trial court's application of this analysis in determining that Barber's statements were opinion rather than fact.

With regard to the first factor, phraseology, the metaphoric choice of words in the letter reveals that they were intended and reasonably would be perceived as rhetorical hyperbole rather than fact. *See Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) ("a SCAB is a traitor to his God, his country, his family and his class"); *Greenbelt Publishing Ass'n v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970) ("blackmail"); *Buckley v. Littell*, 539 F.2d 882 (2d Cir.1976) *cert. denied*, 429 U.S. 1062, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977) ("fascist," "radical right"); *Reddick v. Craig*, 719 P.2d 340 (Colo.App.1985) ("take," "rapist," "swindle"); *Pease v. Telegraph Publishing Co.*, 121 N.H. 62, 426 A.2d 463 (1981) (Pease had engaged in "journalistic smear," was "journalistic scum of the earth"); *Ferguson v. Dayton Newspapers, Inc.*, 7 Media L.Rep. 2502 (Ohio Ct.App.1981) (cartoon depicting Ferguson as a skunk, witch, rat, and liar). Barber's statements were "evaluative ... reflecting the author's political, moral, aesthethic views, not [his] sense impressions." *Ollman v. Evans, supra*, (statement that "Ollman has no status within his profession, but is a pure and simple activist" is protected opinion).

Second, the context of the allegedly defamatory characterizations within the letter and newspaper reinforces the conclusion that they would be perceived as opinion rather than fact. The only word with any factual innuendo, "bigot," is placed between the exaggerated rhetoric that Sall was "not fit to shine [Rodriquez's] shoes" and that he should be exiled to sagebrush country with other "skunks and coyotes."

■ In addition, the entire letter was published in a column entitled "Your View" on a page entitled "Opinion." While such placement does not in itself prove the letter was opinion, *but see Ferguson v. Dayton Newspapers, supra,* (cartoons and editorials are opinion, not fact), it is substantiating evidence. *Smith v. Taylor Publishing Co.,* 8 Media L.Rep. (BNA) 1294 (Fla.Cir. 1982); *Block v. Desert Sun Publishing Co.,* 6 Media L.Rep. (BNA) 1367 (Cal.App. 1980); B. Sanford, *Libel and Privacy* § 5.5.2.3.2. (1987 Supp.); *see Reddick v. Craig, supra.*

Here, the letter's placement is especially probative in view of other letters to the editor appearing on the same page. Their vituperative wording trumpets the column as a social forum for personal opinion. *See Mr. Chow v. Ste. Jour Azur,* 759 F.2d 219 (2d Cir.1985). We conclude that the editorial placement coupled with the opinionated tenor of the letter and accusations is dispositive.

## II.

Sall next contends that, even if the letter can be properly characterized as opinion, it nevertheless is constitutionally unprotected because it implies undisclosed defamatory facts as its basis. Again, we disagree.

■ A statement in the form of an opinion is actionable "only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.... A simple expression of opinion based on disclosed or assumed non-defamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is." *Burns v. Denver Post, Inc.,* 43 Colo. App. 325, 606 P.2d 1310 (1979) *quoting* Restatement (Second) of Torts § 566 and § 566 comment c (1976). When a statement of opinion is actionable, the action arises not from the opinion itself, but rather from "the false assertion, implied or explicit, that the speaker is privy to certain facts, unknown to his general audience, which are supportive of the opinion and detrimental to the person about whom the opinion is expressed." *Rand v. New York Times Co.,* 75 A.D.2d 417, 430 N.Y.S.2d 271 (1980). If the proponent implies no such concealment and the audience has constructive or actual knowledge of the facts on which the opinion was based, the facts are assumed. *See Information Control Corp. v. Genesis One Computer Corp.,* 611 F.2d 781 (9th Cir.1980); *Fram v. Yellow Cab Co.,* 380 F.Supp. 1314 (W.D.Pa.1974). Whether the audience has constructive knowledge of the background facts may be gleaned from a fair reading of the entire opinion in its factual and formal context. *See From v. Tallahassee Democrat,* 400 So.2d 52 (Dist.Ct.App.Fla.1981); B. Sanford, *supra* § 5.5.2.

■ If, as here, an opinion is published in a letter to the editor, a fair reading of which would lead a reasonable reader to infer that it is based on material previously published in the same newspaper, any such previously published material may constitute the assumed facts underlying the letter. The opinion is actionable only if it implies—in addition to the previously published, assumed facts—undisclosed, defamatory facts to which the author, but not the reader, is privy.

■ A fair reading of Barber's letter would lead a reasonable reader to infer that it was based on previously published material concerning an ongoing dispute. The evidence is uncontroverted that the letter was, in fact, based on a previous article in the same publication which provided sufficient background for readers to surmise the basis for Barber's point of view. In addition, the letter implies no undisclosed facts other than the details of Barber's amicable acquaintance with Rodriguez. These undisclosed facts imply no defamation of Sall. We therefore conclude that Barber's accusations were based not on undisclosed, but rather on assumed facts, and are not actionable.

Judgment affirmed.

NEY and ENOCH *, JJ., concur.