**Ronald W. CHURCH and Violet Church, Plaintiffs-Appellees,**

v.

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant-Appellant.**

**No. 87CA0472.**

Colorado Court of Appeals, Div. II.

July 30, 1987.

Stacy R. Carpenter, Grand Junction, for plaintiffs-appellees.

Dickinson & Herrick-Stare, P.C., Richard L. Everstine, Denver, for defendant-appellant.

SMITH, Judge.

Based upon defendant's response to an order to show cause why this appeal should not be dismissed for its failure to file a timely notice of appeal, this court ordered the dismissal of this appeal on June 15, 1987. Plaintiffs, Ronald W. Church and Violet Church, have filed a petition for rehearing as to that dismissal, and upon

consideration of that petition, we vacate the order of dismissal and reinstate the appeal.

The premise of this action is that defendant, American Standard Insurance Company of Wisconsin, breached an insurance contract by refusing to pay certain personal injury protection benefits. The complaint alleged that the defendant's refusal to pay benefits entitled the plaintiffs to treble damages, attorney's fees, and interest from the date of the first refusal pursuant to § 10–4–708, C.R.S.

The case was tried to a jury on the issue whether the plaintiffs were entitled to recover reasonable and necessary chiropractic expenses resulting from treatment following an automobile accident. On April 2, 1986, the jury returned a verdict in favor of the plaintiffs, but the trial court reserved the issues of treble damages, attorney's fees, and interest for subsequent determination. Certain post-trial motions were thereafter filed on April 18, 1986.

On June 3, 1986, the trial court held a motions hearing, and in connection therewith, it ruled from the bench that plaintiffs were entitled to treble damages, interest, attorney's fees, and costs. During the hearing, the trial judge indicated that the court reporter would prepare a final, written order, but the minute order following the hearing showed that counsel for the plaintiffs was directed to prepare the written order. The written order pertaining to both the motions of April 18, 1986, and the issues reserved at the end of trial was not signed by the trial judge until March 3, 1987. Defendant filed its notice of appeal on March 26, 1987.

From the notice of appeal filed by defendant and the register of actions submitted by the clerk of the district court, it appeared that post-trial motions had been filed on April 18, 1986, but the written order on the post-trial motions had not been entered until March 3, 1987. Accordingly, it appeared that the post-trial motions should have been deemed denied by operation of C.R.C.P. 59(j) on June 17, 1986, and the notice of appeal became due on or before August 1, 1986, making the March 26, 1987, notice of appeal untimely.

In response to the order to show cause why the appeal should not be dismissed with prejudice for failure to file a timely notice of appeal, defendant conceded that any errors which took place during trial were not appealable. However, defendant asserted that if the post-trial motions were deemed denied by operation of law, the written order of the trial court awarding treble damages was entered without jurisdiction and was invalid.

After receiving the order dismissing the appeal and vacating the trial court's order granting treble damages, plaintiffs filed their petition for rehearing which set forth a more extensive explanation of the nature of the proceedings in the trial court. The petition explains that the jury verdict was only a partial judgment as to the claims set forth in plaintiffs' complaint, and includes excerpts from the transcript of the proceedings demonstrating that the trial court specifically reserved ruling as to the issues of treble damages, attorney's fees, and interest. Plaintiffs maintain that the final judgment was entered at the conclusion of the June 3, 1986, motions hearing when the trial judge delivered his opinion from the bench. Accordingly, plaintiffs argue that the award of treble damages should not be disturbed, and the defendant should be precluded from appeal because of its failure to file a timely notice of appeal.

■ Where motions filed following a jury trial pertain to unresolved, substantive claims raised in the complaint, they are not actually directed at obtaining post-judgment relief, and accordingly, the provisions of C.R.C.P. 59 do not apply. Even though the motions here were denominated as post-judgment motions, the type of the relief sought fixes their actual nature. The statutory claim for treble damages, attorney's fees, and interest remained unresolved by the jury verdict. Therefore, we conclude that there was no final judgment adjudicating all the claims and the rights and liabilities of the parties until the trial court issued its written ruling. *See* C.R.C.P. 54(b).

Because counsel was directed by minute order to prepare a written order setting forth the trial court's oral ruling of June 3, 1986, the judgment was not entered or effective until the court signed the written order of judgment on March 3, 1987. C.R.C.P. 58(a); *Sayat Nova, Inc. v. District Court,* 619 P.2d 764 (Colo.1980). As a result, the notice of appeal filed March 26, 1987, was timely to preserve the right of appeal as to all issues. C.A.R. 4(a).

Accordingly, the order of dismissal is vacated and the appeal is reinstated.

STERNBERG and METZGER, JJ., concur.