The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of T.R.W. and T.L.W., Children,

And Concerning C.W., Respondent–Appellee,

and

E.L.W., Respondent–Appellant.

No. 86CA1761.

Colorado Court of Appeals, Div. II.

Feb. 25, 1988.

Rehearing Denied March 24, 1988.

Certiorari Denied Aug. 29, 1988.

Robert Lubowitz, Asst. City Atty., Denver, for petitioner-appellee.

Law Offices of Allen Alderman, Allen B. Alderman, Denver, guardian ad litem.

Jennifer I. Holt, Denver, for respondent-appellee.

Gregory Dallas, P.C., Vincent C. Todd, Denver, for respondent-appellant.

BABCOCK, Judge.

Father, E.L.W., appeals a juvenile court order adjudicating his children, T.R.W. (Ti.) and T.L.W. (Tw.), dependent and neglected. Mother, C.W., does not appeal. We affirm in part, reverse in part, and remand with directions.

Pursuant to a 1978 decree of dissolution, father was awarded permanent custody of the children. In February 1986, father disciplined eleven-year-old Ti. for misbehaving in school by whipping him twice with a leather belt. The whippings caused bruising from the child's thighs to his shoulders. That day, during a routine scoliosis examination, the school nurse discovered the bruises and multiple welts on Ti.'s back and reported the injuries to the family crisis center. Thereafter, Ti. and his ten-year-old sister, Tw., were taken into the custody of the Denver Department of Social Services (social services).

On February 24, 1986, a petition in dependency and neglect was filed. The petition alleged, among other things, that the children were dependent and neglected because (1) their parents had subjected them to mistreatment or abuse; (2) their environment was injurious to their welfare; and (3) they were homeless, without proper care, or not domiciled with their parents through no fault of their parents.

On March 19, 1986, mother filed a motion for modification of custody in the district court. Pursuant to her request and to § 19-1-104(5)(a), C.R.S. (1986 Repl.Vol. 8B), the district court certified the motion to the juvenile court. The following day, the juvenile commissioner accepted mother's admission to the allegation that the children were not domiciled with her through no fault of her own, sustained the petition in dependency and neglect as to mother, and awarded temporary legal and physical custody of the children to mother. The juvenile court approved and adopted the commissioner's findings and recommendations on June 13, 1986.

In the meantime, a jury trial was held on the petition in dependency and neglect in which father is respondent. The jury returned a special verdict finding that none of the allegations had been proven as to Tw.; however, the jury determined that Ti. had been subjected to mistreatment or abuse by father. On the basis of the special verdicts, the juvenile court ordered the petition sustained as to Ti. and dismissed the petition as to Tw. Thereafter, the children remained in the temporary physical custody of mother.

On June 19, 1986, social services filed a motion for judgment notwithstanding the verdict. The juvenile court granted the motion on September 8, 1986, 81 days after it had been filed, determining as a matter of law that Tw.'s environment was dangerous and injurious to her welfare because she had watched father whip Ti. It then entered an order adjudicating Tw. dependent and neglected with respect to father. Finally, on October 22, 1986, a dispositional hearing concerning both children was conducted.

## I.

Father contends that the juvenile court erred in granting the motion for judgment notwithstanding the verdict. He argues that (1) prior to the juvenile court's ruling, the motion was deemed denied by operation of C.R.C.P. 59(j) and (2) judgment notwithstanding the verdict was improper because conflicting evidence existed as to whether Tw.'s environment was injurious to her welfare. We conclude that the juvenile court had jurisdiction to rule on the motion, but that it erred in granting it.

## A.

■ An adjudication of dependency and neglect becomes final for purposes of appeal upon disposition. *People in Interest of B.M.*, 738 P.2d 45 (Colo.App.1987); § 19–3–111(1), C.R.S. (1986 Repl.Vol. 8B). Thus, the judgment entered following the adjudicatory hearing on June 4, 1986, did not become final until the dispositional orders were entered on October 22, 1986. Therefore, the motion for judgment notwithstanding the verdict was filed by social services and decided by the juvenile court prior to entry of final judgment. *See* C.R.C.P. 59(a); *People in Interest of B.M., supra.*

■ Ordinarily, the 60–day period set forth in C.R.C.P. 59(j) begins to run upon the filing of a post-trial motion. *See Anderson v. Molitor*, 738 P.2d 402 (Colo.App.1987). We conclude, however, that where, as here, a post-trial motion is filed prematurely, it is deemed to have been filed on the date of entry of judgment, *see Church v. American Standard Insurance Co.*, 742 P.2d 971 (Colo.App.1987); C.R.C.P. 59(a), and the 60–day period within which to rule on that motion commences to run from that date. Accordingly, the motion for judgment notwithstanding the verdict was not deemed denied by operation of C.R.C.P. 59(j).

## B.

■ In ruling on a motion for judgment notwithstanding the verdict, the court must determine whether reasonable persons could not have reached the same conclusion as did the jury. *Converse v. Zinke*, 635 P.2d 882 (Colo.1981). In applying this standard, the court cannot consider the weight of the evidence or the credibility of the witnesses, *Roberts v. Bucher*, 41 Colo.App. 138, 584 P.2d 97 (1978), *rev'd on other grounds*, 198 Colo. 1, 595 P.2d 239 (1979), and it must consider the evidence in the light most favorable to the verdict. *Ekberg v. Greene*, 196 Colo. 494, 588 P.2d 375 (1978). Thus, a judgment notwithstanding the verdict is justified only if the evidence is so overwhelmingly in favor of the movant as to admit of no other reasonable conclusion. *Wesley v. United Services Automobile Ass'n*, 694 P.2d 855 (Colo.App. 1984).

The jury was properly instructed as to the circumstances to be considered in determining whether the children's environment was injurious to their health or welfare. *See CJI–Civ.2d* 41:7 (1980). The jury was further instructed that it could "infer at the dependency and neglect hearing that [a] non-abused child lacked or will lack proper parental care from evidence establishing mistreatment of other children." *See People in Interest of D.L.R.*, 638 P.2d 39 (Colo.1981); *People in Interest of C.R.*, 38 Colo.App. 252, 557 P.2d 1225 (1976).

The evidence indicated that Tw. had previously been punished with a belt by father, but that she had not been whipped at the time the children were taken into the custody of social services. The examining pediatrician testified that, although there was no indication that Tw. had ever been abused, or that Ti. had been emotionally damaged as a result of the whippings, the children could not safely be returned to father. She opined that, generally, children who are beaten sustain permanent emotional injury.

The clinical psychologist testified that the children could be returned to father safely. Conflicting evidence as to whether the children were afraid of father was also introduced. Finally, evidence was adduced showing that Tw. had reported to a former guardian ad litem a whipping father had given to Ti. in the fall of 1985.

Although the jury could have inferred on the basis of this evidence that Tw.'s observation of father whipping Ti. created a dangerous and injurious environment, it chose not to do so. Furthermore, the evidence was not so overwhelming as to require such a finding. Accordingly, the juvenile court's entry of judgment notwithstanding the verdict was an invasion of the jury's province as the finder of fact and must be reversed. *See Thorpe v. Durango School District No. 9-R*, 41 Colo.App. 473, 591 P.2d 1329 (1978), *aff'd*, 200 Colo. 268, 614 P.2d 880 (1980).

## II.

■ Father contends that the juvenile court erred in failing to restore legal and physical custody of Tw. to him following the jury's determination that she was not dependent and neglected. He argues that an admission by a non-custodial parent, *i.e.,* mother, that a child is not domiciled with her through no fault of her own cannot sustain an adjudication of dependency and neglect and that, therefore, he was entitled to legal and physical custody. Under the circumstances here, we agree.

Although strict application of § 19-1-103(20)(e), C.R.S. (1986 Repl.Vol. 8B), would permit an adjudication of dependency and neglect on the basis of a non-custodial parent's admission that a child is not domiciled with her through no fault of her own, to allow such an adjudication where the finder of fact has determined that the child is not dependent and neglected with respect to the custodial parent would produce an absurd result and contravene the purposes of the Children's Code. *See* § 2-4-201(1)(c), C.R.S. (1980 Repl.Vol. 1B); § 19-1-102, C.R.S. (1986 Repl.Vol. 8B); *cf. People in Interest of C.T.,* 746 P.2d 56 (Colo.App.1987); *People in Interest of P.D.S.,* 669 P.2d 627 (Colo. App.1983) (adjudications of dependency and neglect are not made "as to" the status of the parents, but only relate to the child). Furthermore, allowance of such an adjudication would improperly permit dependency and neglect proceedings to be used as a means to obtain legal custody. *See McCall v. District Court,* 651 P.2d 392 (Colo.1982).

Section 19-3-106(5), C.R.S. (1986 Repl. Vol. 8B) provides that when the allegations of a petition in dependency and neglect have not been proven, "the court shall order the petition dismissed and the child discharged from any detention or restriction previously ordered. His parents, guardian, or other legal custodian shall also be discharged from any restriction or other previous temporary order." Accordingly, legal and physical custody of Tw. should have been restored to father following the jury's determination that she was not dependent or neglected.

■ We find unpersuasive the argument presented by the guardian ad litem, mother, and social services that the juvenile court had jurisdiction to enter temporary custody orders with respect to Tw. because the motion for modification of custody was pending. Although a juvenile court has exclusive jurisdiction to make custody determinations with respect to a child who is the subject of a valid petition in dependency and neglect, *see City & County of Denver v. District Court,* 675 P.2d 312 (Colo. 1984), it cannot retain jurisdiction of a motion for modification of custody filed pursuant to § 14-10-131, C.R.S. (1987 Repl.Vol. 6B) once it has been determined that the child is not dependent and neglected. *See* § 19-3-106(5) and (6), C.R.S. (1986 Repl. Vol. 8B).

Furthermore, under § 14-10-131(2), C.R. S. (1987 Repl.Vol. 6B), the custodial parent must be retained unless the court finds, among other things not pertinent here, that the child's environment is dangerous to her physical or emotional well-being. Here, the jury found that Tw.'s environment was neither dangerous nor injurious to her physical or emotional well-being. Accordingly, the grounds allegedly warranting modification of custody were not established.

## III.

■ Father next contends that the adjudication of dependency and neglect with respect to Ti. is improperly based on the jury's determination that the child had been mistreated or abused in the past, not that

he was presently mistreated or abused, or would be in the future. We disagree.

Section 19–3–106(6)(a), C.R.S. (1986 Repl. Vol. 8B), belies father's argument. The statute provides:

"In cases concerning neglected or dependent children, evidence that ... non-accidental injury *has occurred* shall constitute prima facie evidence that such child *is* neglected or dependent, and such evidence shall be sufficient to support an adjudication under this section."

Furthermore, the special verdict form concerning mistreatment or abuse set forth in *CJI–Civ.2d* 41:9 (1980) is phrased in the past tense.

The special verdict form submitted to the jury was substantially similar to the form set forth in *CJI–Civ.2d* 41:9 (1980), and the special verdict complied with § 19–3–106(6)(a), C.R.S. (1986 Repl.Vol. 8B). Accordingly, we find no error.

We also reject father's argument that the juvenile court erred in refusing to give his tendered instructions that corporal punishment resulting in bruising did not necessarily constitute abuse. The instructions submitted to the jury on this issue correctly stated the applicable law. *See People in Interest of M.A.L.*, 37 Colo.App. 307, 592 P.2d 415 (1976).

### IV.

Father finally contends that the juvenile court abused its discretion in denying his motion for a psychological examination of Ti. The motion was denied on May 20, 1986. At that time, Ti. was involved in continuing therapy. In addition, Ti. had undergone a psychological evaluation upon father's request on April 11, 1986, and, prior to that, Ti. had been evaluated by yet another doctor. Under these circumstances, we find no abuse of discretion in the juvenile court's determination that an additional psychological evaluation would not be in Ti.'s best interests.

The order adjudicating Ti. dependent and neglected is affirmed, the order adjudicating Tw. dependent and neglected is reversed, and the cause is remanded with directions to dismiss the petition and terminate jurisdiction as to Tw.

SMITH and PLANK, JJ., concur.