George E. DURDIN and Carefree Recreation, Inc., a Colorado corporation, Plaintiffs–Appellees and Cross–Appellants,

v.

CHEYENNE MOUNTAIN BANK, a Colorado corporation, Defendant–Appellant and Cross–Appellee.

No. 02CA2224.

Colorado Court of Appeals, Div. IV.

Feb. 26, 2004.

Rehearing Denied April 22, 2004.

Certiorari Denied Oct. 4, 2004.

900

Buell & Ezell, LLP, E. Steven Ezell, Colorado Springs, Colorado; Melat, Pressman & Higbie, LLP, Glenn S. Pressman, Colorado Springs, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Retherford, Mullen, Johnson & Bruce, LLC, Anthony A. Johnson, Jerry A. Retherford, Neil C. Bruce, Colorado Springs, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge LOEB.

In this action concerning the Federal Equal Credit Opportunity Act, defendant, Cheyenne Mountain Bank (CMB), appeals the judgment in favor of plaintiffs, George E. Durdin and Carefree Recreation, Inc. (Carefree). Plaintiffs cross-appeal the trial court's denial of their motion for costs and attorney fees. We affirm in part, reverse in part, and remand.

Durdin was the sole shareholder and owner of Carefree, a corporation that acquired land on which to operate an amusement park. Carefree obtained loans secured by the commercial property and defaulted on some of the obligations. Carefree thereafter obtained a $155,000 loan from Argent Corporation and used that loan to pay off some of the obligations and bring its accounts current. The Argent loan was secured by the corporate property and by Durdin's personal residence. Durdin and Carefree subsequently applied for a loan from CMB, which they planned to use to pay off the Argent loan. CMB ultimately denied the loan. Durdin and Carefree were unable to pay the Argent loan when it became due, and Argent foreclosed on Durdin's personal residence.

Plaintiffs sued CMB for damages, alleging that CMB had failed to give timely notice of its adverse decision on the loan application, as required under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. (ECOA), and regulations promulgated thereunder. At trial, Durdin argued that if CMB had given timely notice, he would have had the opportunity to take alternative actions to avoid foreclosure on his personal residence.

The jury found in favor of plaintiffs and awarded Carefree zero damages and Durdin $100,000 in actual damages. The trial court subsequently denied CMB's motion for judgment notwithstanding the verdict and plaintiffs' motion for costs and attorney fees.

On appeal, CMB challenges Durdin's standing to pursue an individual claim under the ECOA and the sufficiency of the evidence that his damages were caused by CMB's failure to give timely notice. However, CMB does not contest the jury's finding that it failed to give the required notice.

I.

CMB first contends that the trial court erred in denying its motion for judgment notwithstanding the verdict because Durdin did not have standing. Specifically,

CMB argues that Durdin could not bring an action in his individual capacity under 15 U.S.C. § 1691e and 12 C.F.R. § 202.9 because he was not an "applicant." We disagree.

■ Initially, we note that the trial court did not rule on the motion for judgment notwithstanding the verdict within sixty days of its filing. Therefore, the motion was deemed denied, and the court's written ruling, which includes factual findings, is void. *See* C.R.C.P. 59(j); *Spencer v. Bd. of County Comm'rs*, 39 P.3d 1272, 1275 (Colo.App.2001)(ruling entered more than sixty days after the timely filing of a C.R.C.P. 59 motion is void); *Arguelles v. Ridgeway*, 827 P.2d 553, 555 (Colo.App. 1991)(court loses jurisdiction when it fails to rule on a motion within sixty days).

■ Standing is a jurisdictional prerequisite that requires a named plaintiff to bring suit only to protect a cognizable interest. A plaintiff has standing if he or she has an injury in fact and that injury is to a legally protected interest. See C.R.C.P. 17(a) (every action must be prosecuted in the name of the real party in interest); *Friends of Black Forest Reg'l Park, Inc. v. Bd. of County Comm'rs*, 80 P.3d 871, 876–77 (Colo.App. 2003).

■ Standing is an issue of law that concerns a court's subject matter jurisdiction, and therefore, we review the trial court's determination de novo. *Friends of Black Forest Reg'l Park, Inc. v. Bd. of County Comm'rs, supra.*

The ECOA was designed, in part, to prohibit discrimination and other unlawful acts against credit applicants. The Federal Reserve Board adopted regulations implementing the ECOA, as contained in Resolution B, 12 C.F.R. § 202.1, et seq.

Section 1691e(a) of the ECOA provides that a creditor who fails to comply with any requirement imposed under the ECOA shall be liable to the aggrieved applicant for any actual damages sustained by the applicant. Section 202.9(a)(1) of the regulations requires that a creditor shall notify an applicant of adverse action on a loan application within thirty days of receiving a completed application.

As pertinent here, the ECOA defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit." 15 U.S.C. § 1691a(b). Under 12 C.F.R. § 202.2(e), "applicant" is defined as "any person who requests or who has received an extension of credit from a creditor, and includes any person who is *or may become contractually liable* regarding an extension of credit. For purposes of § 202.7(d), the term includes guarantors, sureties, endorsers, and similar parties" (emphasis added). Under 12 C.F.R. § 202.2(i), "contractually liable" means "expressly obligated to repay all debts arising on an account by reason of an agreement to that effect."

CMB first argues that the language of § 202.2(e), which defines an applicant as someone who "may become contractually liable," does not include a guarantor, except for purposes of claims brought under § 202.7(d), which sets forth limitations on when a creditor can require a spouse or other third parties to sign a loan document. We agree.

■ Although the ECOA's original definition of "applicant" excluded guarantors, sureties, endorsers, and similar parties, the definition of "applicant" was amended in 1985 specifically to include such parties for § 202.7(d) purposes. *See Douglas County Nat'l Bank v. Pfeiff*, 809 P.2d 1100, 1102 (Colo.App.1991). The commentary regarding the change states that "[t]he principal effect of the change is to give guarantors and similar parties standing to seek legal remedies when a violation occurs under § 202.7(d)." *Douglas County Nat'l Bank v. Pfeiff, supra*, 809 P.2d at 1103 (quoting 50 Fed.Reg. 48020 (1985)(Official Staff Commentary)). Thus, a guarantor bringing a claim under § 202.7(d) has standing to bring suit. *See Douglas County Nat'l Bank v. Pfeiff, supra.*

Here, however, Durdin brought his claim under § 202.9(a)(1) rather than § 202.7(d). Thus, we agree with CMB that, if Durdin alleged that his status in submitting the application was simply as a potential guarantor of Carefree's loan, he would not have standing to bring the claim he asserted under the ECOA.

Nevertheless, as Durdin contends, he submitted the loan application to CMB not simply as a guarantor of Carefree, but also as a coborrower. Durdin presented evidence at trial that CMB ordered a credit report on him and requested his personal financial records, personal income tax returns, and personal financial statement.

Moreover, the record reflects that the loan ultimately was denied, at least in part, because of CMB's concerns about Durdin's financial problems and personal character. The bank president also testified that the loan application was denied based in part on Durdin's failure to include certain personal debts in his financial disclosures. Evidence in the record also shows that CMB included the value of Durdin's property when calculating the collateral available for the loan.

Last, CMB did not have a standard application form for the type of loan for which Durdin and Carefree applied, and, in applying for the loan, Durdin specifically requested in writing that CMB consider the loan as a personal one secured by his assets.

Although much of the foregoing evidence was disputed at trial, under these circumstances, there is ample support in the record for the conclusion that Durdin applied for the loan individually, as well as on behalf of Carefree, and that CMB treated the application as such. Thus, Durdin could have been contractually liable as a coborrower under the requested loan, and we conclude that Durdin had standing to bring an action under § 1691e(a) and 12 C.F.R. § 202.9(a)(1).

In light of this conclusion, we need not address CMB's argument that Durdin did not have standing as a shareholder of Carefree.

## II.

■ CMB next contends that the trial court erred in denying its motion for judgment notwithstanding the verdict because no reasonable jury could have found that Durdin's damages resulted from CMB's failure to give timely notice of adverse action on the loan application. We disagree.

■ In determining a motion for judgment notwithstanding the verdict where the factual basis for the verdict must be analyzed, we review the record in favor of the nonmoving party. Such a motion may be granted only if the evidence, taken in the light most favorable to the party opposing the motion and drawing every reasonable inference which may legitimately be drawn from the evidence in favor of that party, would not support a verdict by a reasonable jury in favor of the party opposing the motion. *See* C.R.C.P. 59(e); *Nelson v. Hammon*, 802 P.2d 452, 454 (Colo.1990). In applying this standard, the court cannot consider the weight of the evidence or the credibility of the witnesses. *See People in Interest of T.R.W.*, 759 P.2d 768, 770 (Colo. App.1988).

Here, viewed in the light most favorable to Durdin, the evidence in the record is sufficient to support the jury's determination that his damages were caused by CMB's failure to provide the timely notice.

CMB contends that the evidence did not support the jury's decision to award Durdin $100,000 in actual damages because, even if Durdin had received notice of adverse action on the loan application, he still could not have obtained a loan sufficient to save his personal residence from foreclosure. However, Durdin presented evidence of several alternatives by which he could have avoided foreclosure. He testified that, had he known CMB was not going to approve the loan, he could have sold certain properties and restructured certain debts in a way that would have provided him with the ability to satisfy Argent sufficiently to avoid foreclosure.

Moreover, there was evidence supporting the jury's $100,000 damages award. Durdin presented evidence that a friend purchased his personal residence for $86,000 and offered to sell it back to Durdin. And there is also evidence in the record that the property was appraised at $117,000 and $180,000.

Thus, sufficient evidence was presented for a reasonable jury to find a causal relationship between CMB's failure to provide timely notice of adverse action and the foreclosure of Durdin's personal residence, and to award actual damages accordingly. *See Nelson v. Hammon, supra; People in Interest of T.R.W., supra.*

### III.

■ On cross-appeal, plaintiffs contend that the trial court erred in denying their request for attorney fees and costs. We agree in part.

The trial court denied plaintiffs' motion for attorney fees and costs, finding that because the jury awarded Carefree zero damages, the jury had found no liability by CMB as to Carefree, and thus Carefree had not prevailed on its claim. As a result, the court concluded that each side had prevailed on an issue and that no attorney fees or costs were warranted. The court further concluded that it was impossible to separate the fees expended on behalf of each plaintiff.

Plaintiffs first argue that Carefree was the prevailing party on its claim. In response, CMB argues that because the jury found that Carefree did not prove actual damages, Carefree could not recover attorney fees and costs under § 1691e(d). We agree with CMB.

Section 1691e(d) states that "[i]n the case of any successful action under subsection (a), (b), or (c) of this section, the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection." Subsection (a) of § 1691e states that "[a]ny creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant." Subsection (b), which allows for punitive damages, and subsection (c), which allows for declaratory and injunctive relief, are not pertinent to this case.

In interpreting a statute and determining the intent of the legislature, a court must first examine the plain language of the statute itself. If the statute is clear and unambiguous, we must apply it as written. Only when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history or rules of statutory construction. *People v. Goodale*, 78 P.3d 1103, 1107 (Colo.2003).

Here, under the plain language of the statute, we conclude that attorney fees and costs are mandated only when a claimant has brought a successful action under subsection (a), (b), or (c). Because Carefree did not recover damages under either subsections (a) or (b) and did not seek relief under subsection (c), it did not bring a successful action. *See Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir.1982) ("[A]ttorneys' fees are available to appellant only if there has been a 'successful action,' whether the success lies in obtaining actual or punitive damages, or injunctive or declaratory relief."). Thus, we conclude that the trial court properly denied an award of attorney fees and costs to Carefree.

■ However, we agree with plaintiffs that the court erred in refusing to determine and award reasonable attorney fees and costs to Durdin.

First, § 1691e(d) mandates that Durdin be awarded reasonable attorney fees and costs for having maintained a successful action for actual damages under § 1691e(a). And our conclusion that Carefree did not bring a successful action entitling it to an award of fees and costs does not mean that CMB should be awarded its attorney fees and costs. Attorney fees and costs are only available under § 1691e(d) to a successful claimant; the statute has no provision for awarding fees and costs to a prevailing defendant. Thus, we agree with Durdin that the trial court erred in denying him reasonable attorney fees and costs on the basis that he and CMB each prevailed and that the fees therefore cancelled each other out.

Under § 1691e(d), the court is required to determine and award some amount as reasonable attorney fees and costs to Durdin as a successful claimant under the ECOA.

Durdin argued to the trial court that there was no way to apportion the fees and costs incurred by him and Carefree because the same amount of work would have been required even if he had pursued the ECOA claim alone and that he should, therefore, be entitled to the full amount of fees and costs incurred on behalf of both plaintiffs. The court found that apportionment was impossible. Nonetheless, we conclude that, on remand, Durdin is entitled to a hearing, and the court must make a determination, in its discretion, of reasonable attorney fees and costs and award that amount to Durdin. *See*

*Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979)(determination of reasonableness of attorney fees is within the sound discretion of the trial court and will not be reversed unless it is patently erroneous and unsupported by the evidence). *See also Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 581 (9th Cir.1984)(upholding full amount of fees requested under 42 U.S.C. § 1988, where claims of winning plaintiff "concerned the same dispute" as claims of losing plaintiff and "would have required essentially the same amount of trial preparation" whether or not the losing plaintiff was a party); *Redding v. Fairman,* 717 F.2d 1105, 1119 (7th Cir.1983)(awarding full amount of fees requested where claims of winning and losing plaintiffs were related and lawyer's time "cannot be apportioned among them."); *cf., Williams v. Butler,* 746 F.2d 431, 443 (8th Cir.1984)(approving trial court's 25% reduction in request for attorney's fees when only one of two plaintiffs represented by same counsel prevailed at trial).

The judgment denying Durdin's request for fees and costs is reversed, and the case is remanded for further proceedings in accordance with this opinion. In all other respects, the judgment is affirmed.

Judge CASEBOLT and Judge GRAHAM concur.