The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of U.S., a Minor Child, Appellant,

and Concerning M.C., Respondent–Appellee.

No. 05CA0722.

Colorado Court of Appeals, Div. I.

Aug. 11, 2005.

No Appearance for Petitioner–Appellee.

Mick Hale, Steamboat Springs, Colorado, for Appellant.

Law Office of Sarah D. Claassen, P.C., Sarah D. Claassen, Steamboat Springs, Colorado, for Respondent–Appellee.

MARQUEZ, J.

In this dependency and neglect proceeding, the guardian ad litem (GAL), on behalf of U.S., a minor child, appeals the trial court's dispositional order. We affirm.

D.S. (father) and M.C. (mother) had a tumultuous marriage and divorce. After the divorce, the parties had joint custody of the child. Prior to the filing of this case, the Department of Human Services (Department) had received eleven referrals regarding the welfare of the child. In July 2004, the Department filed a dependency and neglect petition alleging in part that the child's environment was injurious to his welfare. Father admitted portions of the petition, and the child was adjudicated dependent and neglected. However, mother denied the allegations and requested an adjudicatory trial by jury.

Prior to the trial, the GAL moved for summary judgment. In the motion, she argued that the child had been adjudicated dependent and neglected based on father's admissions. Therefore, she alleged that mother's hearing would be "an enormous waste of judicial resources . . . to have just the same results as we presently have. A jury trial will not change the status of the child and is a waste of the court's time." The court denied the motion.

At the conclusion of the adjudicatory trial, the jury entered a special verdict in mother's favor. Consequently, the child was not adjudicated dependent and neglected as to moth-

er. The court later entered a dispositional order, in which it found that it had jurisdiction over the child and father, but not mother. The court adopted the proposed treatment plan for father. However, it denied the GAL's motion to enter a treatment plan for mother, concluding that it had no jurisdiction to impose any requirements on her because of the lack of an adjudication as to her.

■ On appeal, the GAL contends that the trial court should have retained jurisdiction over mother and entered a dispositional order requiring her to comply with a treatment plan. We disagree.

■ The status of being a dependent and neglected child invokes the court's jurisdiction over that child. *See* § 19–1–104(1)(b), C.R.S.2004. Thus, an order adjudicating a child dependent and neglected is necessary to vest the court with dispositional remedies. *People in Interest of A.M.D.,* 648 P.2d 625, 639 (Colo.1982).

Any respondent in a dependency and neglect proceeding may demand a trial by a jury of six persons at the adjudicatory hearing. Section 19–3–202(2), C.R.S.2004; C.R.J.P. 4.3(a). The allegations of a petition in dependency and neglect must be established at the hearing by a preponderance of the evidence. Section 19–3–505(1), C.R.S. 2004; *People in Interest of A.M.D., supra,* 648 P.2d at 641.

Section 19–3–505(6), C.R.S.2004, provides that, when the fact finder concludes at the adjudicatory hearing that the allegations of the dependency and neglect petition are not supported by a preponderance of the evidence, the court shall order the petition dismissed. That section also provides that the child's "parents ... shall also be discharged from any restriction or other previous temporary order."

■ Adjudications of dependency and neglect are not made "as to" the parents, but instead relate to the child's status. *See People in Interest of P.D.S.,* 669 P.2d 627 (Colo. App.1983). The GAL argues that, because father made admissions of fault involving mother in conceding certain of the allegations in the petition, his admissions amount to "ample factual substantiation of the allega-

tions" against mother. Thus, the GAL asserts that because the child's status is that of a dependent and neglected child, the court may order mother to comply with a treatment plan. We disagree.

In *People in Interest of A.M.,* 786 P.2d 476, 479 (Colo.App.1989), a division of this court stated that the purpose of an adjudicatory hearing "is to determine whether the factual allegations in the dependency and neglect petition are supported by a preponderance of the evidence, and whether the status of the subject child or children warrants intrusive protective or corrective state intervention into the familial relationship."

The division observed that a respondent parent could elect to waive his or her jury right and confess, stipulate, or elect not to contest part or all of the allegations in a dependency petition. Nevertheless, such an admission by one respondent is not necessarily dispositive of allegations disputed by any other respondents. Therefore, the division held that one party's admissions, while binding upon that party, are legally insufficient to establish the allegations in a dependency and neglect petition in the face of the other party's denial. *See People in Interest of A.M., supra.*

The GAL attempts to distinguish *People in Interest of A.M.* by observing that the mother in that case made a "no-fault" admission, while, here, father made a "fault" admission. This distinction is without a difference. Father's admissions, regardless of fault, were legally insufficient to establish the allegations against mother, who had denied them. Mother had an independent right to require that the allegations in the petition be proved by a preponderance of the evidence before a jury, and father's admission to the petition did not forfeit or surrender her rights. *See People in Interest of A.M., supra.*

Nonetheless, the GAL relies on *People in Interest of P.D.S., supra,* in support of her argument that the status of the child is the only pertinent fact for purposes of ordering a treatment plan for mother. However, in that case, both parents had stipulated that the child was dependent and neglected, and the child was adjudicated dependent and neglect-

ed as to each of them. Therefore, the dispositive factor in determining the status of the child for purposes of ordering a treatment plan is an actual adjudication, not the existence of "fault" or "no fault" admissions.

Moreover, a noncustodial parent's "no fault" admission is an insufficient basis to sustain a dependency and neglect adjudication when a jury finds that the petition's allegations against the custodial parent are not sustained by the evidence presented at the hearing. *People in Interest of T.R.W.*, 759 P.2d 768, 771 (Colo.App.1988). To allow an adjudication under such circumstances would permit dependency and neglect proceedings to be used for manipulative purposes by one parent against the other to the possible detriment of the best interests of the child. *See People in Interest of A.M., supra*, 786 P.2d at 480.

We perceive no difference in this case, where father made "fault" admissions involving mother, which she denied and which were not proved at the adjudicatory hearing. Therefore, those admissions cannot form the basis for requiring mother to comply with a treatment plan in the absence of an adjudication.

The GAL also argues that § 19–3–508(1)(e)(I), C.R.S.2004, mandates that a court "shall approve an appropriate treatment plan involving the child named and each respondent named and served in the action." However, that statute presupposes an adjudication of the child as to each respondent. *See* § 19–3–508(1), C.R.S.2004. Nothing in the statute grants a court the power to impose a treatment plan on a parent when the child has not been found to be dependent and neglected by that parent.

The GAL notes by way of analogy that a special respondent may be ordered to comply with a treatment plan in the absence of an adjudication regarding him or her. However, a special respondent is "any person *who is not a parent* . . . and who is involuntarily joined as a party in a dependency or neglect proceeding for the limited purposes of protective orders or inclusion in a treatment plan." Section 19–1–103(100), C.R.S.2004 (emphasis supplied); *see also* § 19–3–502(5)–(6), C.R.S.2004 (provisions for naming parents and special respondents in dependency and neglect petitions). Thus, the statutory provisions regarding special respondents have no applicability to mother.

Here, the jury concluded that the child was not dependent and neglected by mother, and the child was not adjudicated dependent and neglected by her. Thus, the trial court did not have statutory authority over mother and was required to dismiss the petition as it pertains to her. *See* § .19–3–505(6).

The order is affirmed.

Judge GRAHAM and Judge HAWTHORNE concur.