Sue **MORALES**, formerly known as Sue Lateef, individually and as next friend of Alyssa Lateef, a minor, Plaintiff–Appellant and Cross–Appellee,

v.

Brandon M. **GOLSTON**, Defendant–Appellee and Cross–Appellant.

No. 03CA2197.

Colorado Court of Appeals, Div. V.

Dec. 15, 2005.

Certiorari Denied Aug. 28, 2006.

Richard B. Gavend, P.C., Richard B. Gavend, Denver, Colorado; Michael Sabbeth, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; Hanson & Associates, Christopher J. Witte, Englewood, Colorado, for Defendant–Appellee and Cross–Appellant.

GRAHAM, J.

Plaintiff, Sue Morales, appeals the judgment entered upon a jury verdict in favor of defendant, Brandon M. Golston, on her claim for the wrongful death of her mother. We affirm and remand for correction of the judgment.

Defendant was in an automobile accident with a car driven by plaintiff's father and occupied by plaintiff's mother and daughter. Plaintiff's mother was sitting in the front passenger seat, unrestrained by a seat belt, and plaintiff's three-year-old daughter was sitting in the back seat, unrestrained by a child safety seat. Defendant was traveling westbound on Iliff Avenue, and as he approached the intersection of Iliff Avenue and Peoria Street, the light turned green. Having the light in his favor, he began to accelerate through the intersection. Plaintiff's father was in the left turn lane of Peoria Street when defendant approached the intersection. After defendant's light had turned green, plaintiff's father turned left onto Iliff Avenue against a red light. Defendant's car hit the center passenger side of plaintiff's father's car. As a result of the accident, plaintiff's mother died, and plaintiff's daughter sustained head injuries, including facial lacerations.

Plaintiff brought a wrongful death action on behalf of her mother and a personal injury action on behalf of her minor daughter against defendant. Defendant brought a third-party claim against plaintiff's father, alleging that he caused the accident. The trial court entered summary judgment in favor of plaintiff and her father based on a release of claims executed in his favor by plaintiff.

At trial, one investigating officer determined that defendant was traveling at forty miles per hour in a forty-mile-per-hour zone and that he had a green light at the time of the accident. He also testified that plaintiff's father caused the accident by turning left into the path of defendant's vehicle when defendant had the right of way. An eyewitness to the accident testified that defendant had a green light when he entered the intersection. Defendant's reconstruction expert testified that plaintiff's father entered the intersection without having a turn signal; that defendant was traveling at twenty-five miles per hour at the time of impact; that the force of the impact between the two vehicles was between 56,000 and 69,000 pounds; and that the death of plaintiff's mother was a result of the accident. Another eyewitness testified that defendant was traveling in excess of fifty miles per hour at the time of the collision. An accident report indicated that plaintiff's daughter was sitting in the center rear seat of the car.

The jury found that plaintiff's father and defendant were both negligent in causing plaintiff's daughter's injuries. The jury determined that plaintiff's father was ninety percent at fault and defendant was ten percent at fault. As to the wrongful death claim, the jury found that defendant was

negligent, but that his negligence was not the cause of plaintiff's mother's death.

After the special verdict forms were read into the record by the court, at plaintiff's request, the jury was polled. The court then instructed the jury that its members were free to leave or to speak with counsel, if they desired to do so.

When the jury departed, the court asked whether there was anything further from either counsel. Plaintiff's counsel, for the first time, expressed concern that the jury's verdict as to plaintiff's mother was inconsistent, specifically questioning how the jury could find defendant negligent, but that the negligence was not the cause of her mother's death. The court responded that there was no inconsistency in a finding of negligence, but no causation. Plaintiff's counsel replied, "Okay." After inviting comment with no response, the court adjourned further proceedings.

Plaintiff later filed a motion for judgment notwithstanding the verdict, or in the alternative a motion for new trial, arguing that the evidence was clear and overwhelming that defendant was the cause of her mother's death and that the jury verdicts were inconsistent. The trial court denied the motion.

This appeal followed.

## I.

Plaintiff contends that the jury's verdicts finding defendant liable for the injuries suffered by her daughter, but not liable for the death of her mother, are inconsistent. Plaintiff asserts that where negligence is linked to causation of one passenger, then negligence must be linked to causation for every passenger. Plaintiff also argues that the verdict regarding her mother's death is internally inconsistent and contrary to the undisputed evidence at trial, because the jury found that defendant was negligent and that her mother suffered fatal injuries, but that defendant's negligence did not cause her death. Plaintiff urges that, because the jury found that defendant was negligent, causation has been established as a matter of law in the wrongful death case. We disagree.

## A.

As a preliminary matter, defendant contends that, having failed to object before the jury was dismissed, plaintiff waived her right to challenge any inconsistencies in the verdicts on appeal. In so arguing, defendant relies upon C.R.C.P. 49(b) and federal cases construing Fed.R.Civ.P. 49(b), which is identical to C.R.C.P. 49(b). We are not persuaded.

C.R.C.P. 49 provides:

(a) Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made upon the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

(b) General Verdict Accompanied by Answer to Interrogatories. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact, the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious,

the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other or one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial.

■ No Colorado appellate opinion has addressed whether failure to object to any inconsistencies in the verdict before the jury is discharged waives the right to raise the issue in post-trial motions or on appeal. However, because C.R.C.P. 49 is identical to Fed. R.Civ.P. 49, we may look to federal authority for guidance in construing the Colorado rule. *Benton v. Adams,* 56 P.3d 81 (Colo.2002).

Like C.R.C.P. 49(b), concerning the submission to a jury of a general verdict coupled with written interrogatories, Fed.R.Civ.P. 49(b) provides that when the jury's "answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." The Tenth Circuit has held that a party waives the right to object to inconsistencies in a general verdict with special interrogatories if it does not object on that ground before the jury is discharged unless the verdict is inconsistent on its face such that the entry of judgment upon the verdict is plain error. *Johnson v. Ablt Trucking Co.,* 412 F.3d 1138 (10th Cir. 2005); *Resolution Trust Corp. v. Stone,* 998 F.2d 1534 (10th Cir.1993); *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.,* 791 F.2d 1416 (10th Cir.1986). If a party fails to object before the jury is discharged, it waives any future challenge to the inconsistency because its failure to object timely deprives the court of the option of sending the jury back for further deliberations. *See Stancill v. McKenzie Tank Lines, Inc.,* 497 F.2d 529 (5th Cir.1974); *Ludwig v. Marion Labs., Inc.,* 465 F.2d 114 (8th Cir.1972).

■ Unlike Rule 49(b), Rule 49(a) does not contain a specific direction to send the jury back for further deliberations in the event of an inconsistency in the jury's answers. *See* C.R.C.P. 49(a); Fed.R.Civ.P. 49(a). Therefore, Rule 49(a) does not require a party to object to the inconsistencies in a jury's answers to a special verdict before the jury is discharged in order to preserve its right to challenge the inconsistencies in a subsequent motion or on appeal. *See Heno v. Sprint/United Mgmt. Co.,* 208 F.3d 847 (10th Cir.2000); *Thompson v. State Farm Fire & Cas. Co.,* 34 F.3d 932 (10th Cir.1994); *Bonin v. Tour W., Inc.,* 896 F.2d 1260 (10th Cir. 1990); *Pierce v. S. Pac. Transp. Co.,* 823 F.2d 1366 (9th Cir.1987); *Ladnier v. Murray,* 769 F.2d 195 (4th Cir.1985); *Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.,* 734 F.2d 133 (3d Cir.1984); *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037 (5th Cir. 1982); *Mercer v. Long Mfg. N.C., Inc.,* 671 F.2d 946 (5th Cir.1982). *But see Golub v. J.W. Gant & Assocs.,* 863 F.2d 1516, 1521 n. 4 (11th Cir.1989) ("In this circuit, all challenges to the consistency of special verdicts must be raised before the jury is excused.").

This distinction between special and general verdicts is based upon considerations of efficiency, recognizing that, while the jury is still present, the court may correct an error in a general verdict with speed and efficiency, so long as counsel timely notifies the court of the perceived inconsistency. Also, such timely notification will allow the same fact finding body to reconsider the inconsistency.

In contrast, if the verdict is a special verdict and the inconsistency would not be resubmitted to the jury in any event, the same temporal efficiencies are not present, and there is no equitable reason to require a timely objection.

Whether plaintiff's failure to object constitutes a waiver thus hinges on the characterization of the verdicts as either special verdicts or general verdicts with answers to special interrogatories. We conclude that the verdicts here were special verdicts for the following reasons.

First, the verdict forms submitted to the jury were captioned as special verdicts.

Second, Colorado requires the use of a special verdict in tort cases involving multiple defendants. *See* § 13–21–111.5(2), C.R.S. 2005 (requiring that a jury return a special verdict "determining the percentage of negligence or fault attributable to each of the parties"); *Miller v. Byrne,* 916 P.2d 566, 578 (Colo.App.1995) (§ 13–21–111.5(2) "directs that the jury must return a special verdict determining the percentage of negligence or fault attributable to each of the parties and forbids the use of a general verdict. These provisions are mandatory."); *see also Bohrer v. DeHart,* 961 P.2d 472, 476 (Colo.1998) ("Special verdict forms focus the jury on the essential issues attendant to a finding of liability—total damages and the relative fault of the parties.").

■ Finally, the hallmark of a general verdict is that it requires the jury to announce the "ultimate legal result of each claim." *Johnson v. Ablt Trucking Co., supra,* 412 F.3d at 1142 (quoting *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1031 (9th Cir.2003)). Simply put, a general verdict permits the jury to decide who wins. *Johnson v. Ablt Trucking Co., supra.*

■ A special verdict, by contrast, presents the jury with specific questions of fact. *Johnson v. Ablt Trucking Co., supra.* After the jury returns its verdict, the court applies the law to the facts found by the jury and enters judgment accordingly. *Johnson v. Ablt Trucking Co., supra.*

Here, the verdict forms required the jury to answer specific questions of fact regarding fault and damages, and the judgments themselves required application of the law by the court to the facts found by the jury. The jury therefore returned special verdicts. Because the verdicts were special, plaintiff's failure to object was not a waiver of her right to raise on appeal any inconsistency in the verdicts.

In any event, even if these verdicts could be characterized as a general verdict with special interrogatories, plaintiff would be entitled to appeal on the basis that the evidence did not support the verdict.

B.

■ Turning to the merits of the appeal, we reject plaintiff's contention that the jury's verdicts are inconsistent or unsupported by the evidence.

■ A jury verdict will not be reversed for inconsistency if a reading of the record reveals any basis for the verdict. The task of the reviewing court is to examine the instructions, the verdict forms, and the evidence and to determine from the record whether there was competent evidence from which the jury logically could have reached its verdict. Also, if there is a view of the case that makes the jury's answers consistent, they must be resolved in that way. *Rodriguez v. Morgan County R.E.A., Inc.,* 878 P.2d 77 (Colo.App.1994).

We note that the verdict here is not inconsistent on its face because a finding of negligence does not create liability on the part of a defendant unless that negligence caused the plaintiff's injury. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981); *Rodriguez v. Morgan County R.E.A., Inc., supra.*

■ Further, questions of negligence and proximate cause are issues of fact to be determined by the jury, and the appellate courts are bound by the jury's findings when there is competent evidence in the record to support those findings. *City of Aurora v. Loveless, supra; Rodriguez v. Morgan County R.E.A., Inc., supra.* Only if the facts are undisputed and reasonable minds could draw but one inference from them is causation a question of law for the court. *Smith v. State Comp. Ins. Fund,* 749 P.2d 462 (Colo. App.1987).

■ It is the jury's sole province to determine the weight of the evidence and the credibility of witnesses, and to draw all reasonable inferences of fact therefrom. As a result, a jury's verdict will not be disturbed if there is any support for it in the record. *Murphy v. Glenn,* 964 P.2d 581 (Colo.App. 1998).

Here, the jury could have determined that plaintiff's father was negligent because he turned in front of defendant when defendant had a green light. The jury also could have

found that defendant was negligent because he was exceeding the speed limit to some degree. However, finding defendant negligent in both the personal injury action and the wrongful death action does not necessarily mean that defendant's negligence was the cause of plaintiff's mother's death.

The record shows that the passenger's side, especially the passenger side doors, of plaintiff's father's vehicle sustained substantial damage as compared to the driver's side of the vehicle. The jury also could have concluded that plaintiff's daughter was sitting in the center of the back seat of the car, as indicated in the accident report, rather than next to the back passenger side door.

Accordingly, on the one hand, the jury could have concluded that plaintiff's mother suffered a fatal injury caused by her position in the front passenger seat, directly next to the front passenger side door. In other words, even if defendant had been traveling at or below the speed limit, plaintiff's mother would have been killed because of her positioning in the car and the force of the impact. Therefore, defendant's negligence was not the "but for" cause of plaintiff's mother's death.

On the other hand, the jury could have concluded that defendant's negligence in exceeding the speed limit caused ten percent of plaintiff's daughter's injuries because of her positioning in the back center seat of the car. Thus, absent defendant's negligence, plaintiff's daughter would not have been injured to the extent she was because of her position in the back seat of the car.

Therefore, because the jury verdicts may be resolved on this basis, we will not disturb them on appeal. *See Gutierrez v. Bussey*, 837 P.2d 272 (Colo.App.1992).

In light of our holding, we need not address plaintiff's remaining contentions.

## II.

The trial court's order of judgment incorrectly states that judgment should enter in favor of plaintiff and against defendant on all causes of action. Because the jury found in favor of defendant on the wrongful death claim, we remand the case to the trial court for a corrected judgment reflecting the jury's verdicts.

The judgment is affirmed, and the case is remanded for correction of the order of judgment.

VOGT and ROMAN, JJ., concur.