25CA0036 Zlaten v Longmont Lodge 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0036
Boulder County District Court No. 23CV30875
Honorable J. Chris Larson, Judge

---

Patricia Zlaten and Douglas Zlaten,

Plaintiffs-Appellants,

v.

Longmont Lodge No. 1548, Loyal Order of Moose, Inc., a Colorado corporation,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Martinez Law Colorado, LLC, Anna N. Martinez, Denver, Colorado; Martinez Law, LLC, Esteban A. Martinez, Longmont, Colorado, for Plaintiffs-Appellants

Freeman Mathis & Gary, LLP, Robert J. Zavaglia, Jr., Sotheby S. Mancini, Greenwood Village, Colorado, for Defendant-Appellee

¶ 1     In this premises liability case, plaintiffs, Patricia and Douglas Zlaten, appeal the district court's denial of their motion for a judgment notwithstanding the verdict (JNOV) after the jury returned a verdict in favor of defendant, Longmont Lodge No. 1548, Loyal Order of Moose, Inc. (the Lodge).  We affirm the judgment.

## I.     Background

¶ 2     The Zlatens were dues-paying members of the Lodge, a fraternal and service organization.  For several years, the Lodge allowed its members to bring their dogs onto its property and let them run off-leash within a fenced picnic area (the enclosure).

¶ 3     One day, Patricia Zlaten[1] went to find another member, Dianne Romero, to give her a hug.  Romero's boyfriend told Patricia that she was in the enclosure.  Romero often brought her dogs to the enclosure, typically at least once a week.  To access the enclosure, Romero would check out a key from a Lodge employee, walk her leashed dogs to the enclosure, unlock the padlock on the gate latch, and then latch the gate while the dogs were inside.

---

[1] Because Patricia and Douglas Zlaten share a last name, we will refer to Patricia by her first name.  We mean no disrespect in doing so.

While Romero was inside the enclosure with her two unleashed dogs, Patricia entered the enclosure through the latched, but unlocked, gate. Once Patricia was inside, one of Romero's dogs approached her, jumped up, and bit her, knocking her to the ground.

¶ 4     The Zlatens sued the Lodge and Romero, seeking damages for personal injuries and loss of consortium. Before trial, the Zlatens settled with Romero. As a result, the case proceeded to trial only against the Lodge. After a two-day trial, the jury returned a verdict in favor of the Lodge. Specifically, the jury answered the following questions in the verdict form[2]:

> 1. Did the Plaintiff Patricia Zlaten have injuries or damages? (Yes or No)
>
> Answer: Yes
>
> 2. Did the Defendant, Moose Lodge # 1548, know or should it have known about a danger on the property? (Yes or No)

---

[2] The Lodge asserts that the jury entered a general verdict. We disagree. The jury returned a special verdict, not a general verdict. *See Morales v. Golston,* 141 P.3d 901, 906 (Colo. App. 2005) (explaining that a general verdict simply requires the jury to announce the ultimate legal result for each claim — i.e., who wins — while a special verdict presents the jury with specific questions of fact).

Answer: No

3. Did the Defendant, Moose Lodge # 1548, fail to use reasonable care to protect Plaintiff from a danger on property? (Yes or No)

Answer: No

4. Did the Defendant, Moose Lodge # 1548's failure cause the Plaintiff's injuries or damages? (Yes or No)

Answer: No

¶ 5    The Zlatens then filed a motion for JNOV challenging the jury's finding that the Lodge neither knew nor should have known about a dangerous condition on its property.  The court denied the motion, concluding that, viewing the evidence in the light most favorable to the Lodge, a reasonable person could have reached the same conclusion as the jury.

¶ 6    The Zlatens now appeal.

## II.    Analysis

¶ 7    The Zlatens contend that the district court erroneously denied their JNOV motion because they presented unchallenged and overwhelming evidence whereas the Lodge presented "no evidence" and relied solely on legal theory.  We disagree.

A. Standard of Review and Governing Law

¶ 8     We review the denial of a motion for JNOV de novo, employing the same standards used by the district court. *M.G. Dyess, Inc. v. MarkWest Liberty Midstream & Res., L.L.C.*, 2022 COA 108, ¶ 27. When a motion for JNOV challenges the factual basis for the jury's verdict, the court must review the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Dream Finders Homes LLC v. Weyerhaeuser NR Co.*, 2021 COA 143, ¶ 111.  Applying these standards, "a JNOV motion should be granted only if the evidence . . . is such that no reasonable person could reach the same conclusion as the jury." *Hall v. Frankel*, 190 P.3d 852, 862 (Colo. App. 2008).  "If the facts are sufficiently in dispute such that reasonable people could reach different conclusions, it is the function of the jury to resolve those disputes." *M.G. Dyess*, ¶ 27.

¶ 9     Under the Colorado Premises Liability Act, "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers the landowner actually knew about or should have known about." § 13-21-115(4)(c)(I), C.R.S. 2025.  Thus, to prevail on a premises

4

liability claim, the invitee must prove by a preponderance of the evidence that: (1) the landowner "actually knew or should have known" of the danger to the invitee and (2) the landowner "unreasonably failed to exercise reasonable care" to protect the invitee from that danger. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 570 (Colo. 2008). "Under the premises liability statute, . . . liability and damages are questions of fact to be determined by the finder of fact." *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004).

## B.    Discussion

¶ 10    The Zlatens contend they presented "uncontroverted and unchallenged evidence establishing that the Lodge maintained a dangerous condition by permitting unleashed dogs on its property without warnings, rules, or controls." Thus, the Zlatens insist that a reasonable person would find that the Lodge knew or should have known about a dangerous condition — either "the dangerous condition of [the dog who bit Patricia]" or the dangerous condition of "permitting dogs to run unleashed without adequate warnings, rules, safety protocols[,] or signage." In support, the Zlatens point to the following evidence:

- The Lodge allowed unleashed dogs in the enclosure.

- Despite having regulatory authority, the Lodge did not limit the number of dogs in the enclosure, identify dogs, restrict aggressive breeds, or verify whether dogs were vaccinated, spayed, or neutered.

- The Lodge inconsistently posted signs with warnings or rules regarding off-leash dogs.

- The Zlatens testified that they had never seen off-leash dogs in the enclosure.

¶ 11 Contrary to the Zlatens' contentions, other evidence in the record supports the jury's finding that the Lodge neither knew nor should have known about a dangerous condition on its property. Specifically, the following evidence supports this finding:

- The Lodge had allowed members to let their dogs run off-leash in the enclosure for years.

- No evidence of previous dog bites in the enclosure was introduced at trial.

- The dog that bit Patricia had never previously exhibited aggressive behavior. Romero testified that the dog had

never previously attacked any person or animal while she owned him.

- Members had to check out a key from a Lodge employee to access the enclosure.

- Romero testified that the Lodge required members to keep dogs leashed until they reached the enclosure.

¶ 12    Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the Lodge, we cannot say the evidence was so one-sided that no reasonable person could have reached the same conclusion as the jury.  The jury could have reasonably concluded that the Lodge neither knew nor should have known about a dangerous condition on its property because (1) off-leash dogs were permitted only in the enclosure, (2) access to the enclosure was limited by requiring members to obtain a key from a Lodge employee, (3) the dog in question had never previously exhibited aggressive behavior or attacked anyone, and (4) no evidence of prior dog bites in the enclosure was introduced. Although the Zlatens point to contrary evidence, we cannot reweigh the evidence or assess the credibility of witnesses.  *Durdin v. Cheyenne Mountain Bank*, 98 P.3d 899, 903 (Colo. App. 2004).

When, as here, some evidence supports the jury's verdict, it is improper for a court to invade the province of the jury and substitute its judgment for that of the jury. *Wesley v. United Servs. Auto. Ass'n*, 694 P.2d 855, 857 (Colo. App. 1984).

¶ 13     Accordingly, the district court properly denied the Zlatens' motion for JNOV. The evidence, when viewed in the light most favorable to the Lodge, did not compel only one conclusion — that the Lodge should have known about a danger on its premises. The issue was properly left for the jury.

### III.    Disposition

¶ 14     The judgment is affirmed.

JUDGE FREYRE and JUDGE PAWAR concur.